JAMES D. SHUMWAY v. THE WALWORTH & NEVILLE MANUFACTURING COMPANY.

*Master and servant—Injury to employé—Vice principal—Damages —Contributory negligence.*

1. The question of the contributory negligence of the plaintiff, under the facts of this case as stated in the opinion, is held to have been properly submitted to the jury.

2. Defendant's superintendent, to whom it had delegated general authority to manage the business, including the duty to see that the machinery in its factory was kept in good order, is held to have been plaintiff's superior servant while starting a planer which plaintiff was oiling, and thereby causing the injury complained of.

3. The fact that the plaintiff in a negligence case was afflicted at the time of the accident with a scrofulous difficulty, which rendered it possible, or even likely, that a slight injury would

produce more serious results than if inflicted upon a perfectly healthy person, does not place him beyond the pale of the law, or prevent a recovery of such actual damages as he has sustained.

Error to Bay. (Cobb, J.) Argued November 23, 1893. Decided January 9, 1894.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*T. A. E. & J. C. Weadock,* for appellant.

*J. E. Kinnane* and *Shepard & Lyon,* for plaintiff.

MONTGOMERY, J. Plaintiff sued for negligent injury. He was employed in defendant's factory, and engaged in running a planer. George E. Neville, one of the officers of the corporation, had charge of defendant's factory, and employed and discharged men. On the 28th of November, 1890, plaintiff had been interrupted in oiling his machine by the necessity of moving some timber which had been placed so near to his machine as to interfere with his work. He started the machine, and passed some of the timber through. It was discovered that the machine was out of order. The plaintiff threw it out of gear, took the oil-can, and attempted to oil the machine from underneath, leaving his mitten on the surface of the planer. In order to oil one portion of the machine, it became necessary for the plaintiff to put his hand between the spokes of one of the wheels connected with the gearing, and remove the cap of a box. While his hand was in this position, Mr. Neville turned on the feed motion. Plaintiff's hand was caught in the gearing, and he sustained the injury complained of. It was plaintiff's duty to see that the machine was properly oiled and adjusted, when being operated by him.

The parties are not agreed as to the facts. The plaintiff testified that, when he started to oil the machine, Mr.

Neville came up, and plaintiff passed him, leaving him standing in front of the machine. Mr. Neville, on the contrary, testified that the plaintiff and himself had been engaged in an effort to discover what was wrong with the machine, and in so doing had started and stopped the machine repeatedly; that he finally discovered the difficulty, which he found was a small knot of wood between the rollers and the crossbar of the bed of the machine. He looked around, and did not see the plaintiff. Saw that the oil-can was not in its place, and supposed that the plaintiff had gone out of the mill to fill the oil-can, or for some other purpose. He took a probe, and drove the knot out, backed up the machine, threw the lever forward, and started the feed motion. It was this starting of the machine that caused the injury.

The case was submitted under instructions which left the jury to decide—

*First.* Whether the act of Neville was or was not negligent.

*Second.* Whether the plaintiff, in attempting to oil that portion of the machine concealed from Mr. Neville's view from the point where he stood, was guilty of negligence contributing to the injury.

The defendant's two principal contentions in this Court are—

1. That, as a matter of law, the plaintiff was guilty of contributory negligence in placing himself in the position which he occupied without notifying Neville of his purpose.

2. That Neville was, in what he did, a fellow-servant of plaintiff, and, if guilty of negligence, it was not the master's negligence.

1. We are not prepared to hold, as a matter of law, that the plaintiff was guilty of negligence contributing to the injury. The jury, in answer to a special question, found that plaintiff was in charge of the machine at the time of the injury, and had the care of the machine, and the duty

to keep it in order. This being the case, if he had no reason to anticipate the starting of the machine by Mr. Neville, it would be going far to hold that he was negligent in failing to anticipate such a possibility.

2. Was the act of Mr. Neville in turning on the feed motion that of a fellow-servant of plaintiff? The defendant concedes, in effect, that Mr. Neville's relations to the defendant corporation and to the plaintiff were such as that for some purposes he might in law be regarded as a representative of the master, but that in the performance of the particular act of starting the machine he was acting in the capacity of a fellow-servant; and the contention is that the question of whether the act was that of a master or of a fellow-servant depends for its solution rather upon the nature of the act, than upon the general scope or extent of the superior servant's authority. The contention, precisely as made, is undoubtedly supported by eminent authority, but we are constrained to hold that the previous holdings of this Court have not so limited the liability of the master. See *Slater v. Chapman*, 67 Mich. 523; *Palmer v. Railroad Co.*, 93 Id. 363; *Ryan v. Bagaley*, 50 Id. 179; *Harrison v. Railroad Co.*, 79 Id. 409; *Erickson v. Railway Co.*, 83 Id. 281, 93 Id. 414. The decisions of this Court have extended the rule so that it may be said that when the master delegates to a superintendent full power to manage a business, and employ and discharge servants, without interference, such superior servant, in whatever he does in furtherance of the business and operations he has in charge, stands in place of the master, and the negligence of such superior servant is the negligence of the master. This is apparently upon the ground that the servant, in entering the employment, does not take upon himself the risk of negligence on the part of one who occupies that relation to the business of the master. In McKinney on Fellow Servants (section 41), it is said:

" Many authorities of great weight have held that if the master places the entire charge of the business in the hands of an agent, exercising no authority therein, he may be liable for the negligence of such agent to a subordinate employé, and that this rule prevails whether the master be an individual or a corporation;" citing a large number of cases, among which are *Ryan v. Bagaley* and *Slater v. Chapman.*

Again, at section 55, in commenting on *Ryan v. Bagaley*, the learned author says:

" The report of the case does not indicate the nature of the act the mining captain was performing, and owing to the negligent performance of which the subordinate servant was injured, but the principle on which the case is based is the generally accepted one,—that a master giving the control of his entire business to an agent is responsible for his negligence."

It is not necessary to a decision of this case to hold that an agent exercising only occasional acts of authority, while performing duties, in the main, those of a subordinate, is, in the performance of the latter duties, to be regarded as a representative of the principal; but, in the performance of the particular duty in question, Neville was performing an act of authority which he only had the right to perform by virtue of his authority as superintendent of the mills, and within the scope of his authority to see that the machinery was in safe condition. We think, under the former rulings of this Court, he must be held to have been, in the performance of this act, a representative of the master, rather than a fellow-servant.

3. It is contended by defendant that plaintiff's loss of his fingers was not the result of the injury, but was the result of his own condition, being an unhealthy man. There was testimony in the case tending very strongly to show that the plaintiff was, previous to this time, afflicted with a scrofulous disease; and the inference, perhaps, is justified that such serious consequences would not have

followed from the injury, had not this been his condition. The court, in commenting upon this testimony, instructed the jury as follows:

"In consequence of there being something wrong about his own constitution, the injury was aggravated, and it amounted to about this: That the permanent injury was partially or quite the result of just that thing, rather than the result of the accident itself, in the machinery. Now, you may decide this question: How much of the injury which he has suffered is the consequence of that, rather than the consequence of the injury itself? There is no kind of question, of course, that the accident or injury there—the hurting of his hand in the machine—did cause him some injury; but whether it was all caused by it, or the greater part of it, or only a small part of it, is another question,· and a question which you will have to decide."

In another portion of the charge he stated:

"If it be true that his' constitution is in such a condition that a little injury, which is liable to occur to many men at any time, will have these aggravated results, he is not a man in such a condition and situation as a man who is sound, and the diminution of his capacity to work may not be as great."

These instructions were sufficiently favorable to the defendant. The fact that the plaintiff was afflicted with a scrofulous difficulty, which rendered it possible, or even likely, that a slight injury would produce more serious results than if inflicted upon a perfectly healthy person, does not put him beyond the pale of the law, or prevent a recovery of such actual damages as he has sustained.

The other questions presented, we think, do not require discussion.

The judgment will be affirmed, with costs.

McGRATH, C. J., LONG and HOOKER, JJ., concurred. GRANT, J., did not sit.