GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY
v. ALBERT M. QUAY.

Decided December 11, 1901.

1.—Negligence—Question for Jury—Inferences Supporting Verdict.

Where the evidence is either conflicting or fairly susceptible of different interpretations, or the inference from it is doubtful, the question of negligence is primarily one of pure fact for the jury, and in support of their findings thereon the most favorable inferences which the entire evidence will authorize should be drawn.

2.—Same—Railway Employe—Dangerous Position—Notice.

Where a railroad fireman was cleaning an engine which was standing over a pit in the roundhouse, and other employes there, not of the same grade, acting under orders so to do, detached the tender, the platform of which connected with that of the engine, and pushed the tender away without notice to the fireman, who, in prosecuting his work, stepped back and fell into and through the open space left by the removal of the tender, the court properly refused, in an action for injuries thus sustained, to instruct a verdict for the defendant company,—the issue of negligence being a question for the jury.

3.—Same—Contributory Negligence.

The defendant company could not escape liability on the ground of the fireman's contributory negligence unless the danger was known to him either actually or constructively, and the question of contributory negligence on his part, under all the circumstances, was one for the jury, and their verdict finding in his favor is sustained.

Appeal from Bexar. Tried below before Hon. J. L. Camp.

*Newton & Ward* and *Baker, Botts, Baker & Lovett,* for appellant.

*H. C. Carter* and *Perry J. Lewis,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This action was brought by appellee against the appellant to recover damages for personal injuries alleged to have been caused by the negligence of the company. Appellant answered by a general denial and a plea of contributory negligence. The trial resulted in a verdict and judgment in favor of appellee for $10,000.

Our conclusions of fact will be found in observance of the well established principle that the most favorable inferences which the entire evidence will authorize should be drawn in support of the verdict. The issues of fact to be solved are (1) whether the appellant was guilty of negligence proximately causing appellee's injuries, and (2) whether appellee was guilty of negligence contributing to them.

The facts are these: On the 28th of September, 1900, appellee, a locomotive fireman, was ordered by appellant to clean one of its engines standing, with its tender attached, over a pit about four feet deep, in the company's roundhouse in San Antonio. The platforms on the engine's cab and of its tender when connected constitute what is called by railroad men a deck upon which the engineer and fireman discharge their respective duties, and running back from the head of the boiler, is about

six or eight feet long. In obedience to his orders the appellee, when the engine and tender were connected, went on board of this deck and proceeded to clean the engine as directed. While engaged in this work, two of appellant's servants, whose grade of employment was not the same as appellee's, under the direction of the company's vice-principal, without notice to appellee, without his having reason to believe the tender would be separated from the engine while he was at work thereon, and without his knowledge, detached the tender and with a pinchbar, applied to the wheels farthest from where appellee was engaged, pushed it back three or four feet from the engine, thus separating the part of the deck constituted by the tender from that made of the platform of the engine's cab, leaving appellee with just half of the deck he had when he went to work, and without protection from the pit behind him, the bottom of which was about eight feet from the platform of the cab where he was at work. Having cleaned the head of the engine's boiler, appellee, without knowing or having reason to believe the tender had been moved, but believing the condition of the deck was the same as it was when he commenced the job, stepped back to inspect the work he had done, caught his heel under the apron of the tender,—which was displaced when the tank was moved,—fell backward across a beam of the pit and from it to the bottom, whereby he sustained permanent bodily injuries.

The appellee's petition alleges that appellant was guilty of negligence in moving the tank, while he was at work on the engine, without his knowledge or giving him warning. Appellant's contentions are that the facts do not constitute negligence on its part; that if they do, the undisputed evidence shows that appellee was guilty of contributory negligence, and that therefore the trial court erred in submitting the case to the jury and not peremptorily instructing a verdict in its favor.

Primarily the question of negligence is one of pure fact, and where the evidence is either conflicting or fairly susceptible of different interpretations, or the inference from the evidence doubtful, the question is for the jury. The master is bound to use ordinary care, diligence, and skill for the purpose of protecting his servants from encountering unnecessary risks in his service. The servant has the right to presume and act upon the presumption that his master has performed and will continue to discharge the duty he owes his employe. Warning of danger should be given whenever the master knows it is reasonably necessary to protect the servant from danger. The servant can presume that while in the discharge of his duty his master will warn him of a danger that has supervened from a change of conditions, brought about by the act of the master, since he commenced his work, and of which he had no knowledge. Rehman v. Railway, 44 N. W. Rep., 522; Shumway v. Manufacturing Co., 98 Mich., 411; Michael v. Machine Works, 19 S. E. Rep., 261; Davis v. Railway, 34 N. E. Rep., 1070 · Railway v. Amato, 144 U. S., 465.

When the appellee went to work the deck was entire, and had it remained so, after cleaning the boilerhead, he would have encountered no danger in stepping backwards. His peril in making this step was brought by the act of servants in another department and grade of employment,—with which appellant is chargeable,—after appellee began his work on the engine. He was not informed of the separation of the tender from the engine, knew nothing of it, and was not warned of the perilous position it left him in. Appellant could have readily anticipated that appellee, without notice or warning of the danger, might act (as he had the right to do) upon the assumption that conditions had been unchanged, and that the danger did not exist, and that in acting upon such assumption he was liable to be seriously injured. The jury upon a proper charge found from the evidence that appellant was guilty of negligence as alleged, and we believe the evidence on this issue is sufficient to support their verdict.

Does the evidence show that appellee was guilty of contributory negligence? As a general rule, the master can not escape liability on the ground of the servant's contributory negligence unless the elements of danger are shown to have been known, either actually or constructively, to the servant. Negligence can only be affirmed in respect to situations and conditions known to the party to whom it is imputed. Brown v. Railway, 111 Ala., 275, 19 So. Rep., 1001; Higgins v. Williams, 114 Cal., 176, 45 Pac. Rep., 1041.

The evidence of the appellee, which the jury evidently believed, shows that he did not know the tank had been separatd from the engine. Consequently he could have known nothing of the danger to which he was exposed. But appellant contends that the tank could not have been pushed back when he was on the engine without his knowledge, because he must have heard the noise necessarily incident to detaching and moving it from the engine. This was a question for the jury to determine, not for us. The roundhouse was filled with the din and noise incident to the many different kinds of work in progress there; and it may be that if appellee heard the noise made in moving the tender he did not know where it came from, or if he knew its source, he did not know that it indicated the tender was being moved. This was for the jury to determine, and to enable them to do so the question necessarily had to be submitted by the court in its charge.

As illustrative of the principle that it was the duty of the court to submit the question of contributory negligence, we cite the case of Perras v. Booth, 84 N. W. Rep., 739. In that case the evidence was that A. Booth & Co. maintained a warehouse for the storage of goods. The building was several stories high, with a basement for cold storage. A door opened from the rear of the building, on the ground floor, upon a railroad sidetrack. Inside the building, at this door, was a freight elevator, used in receiving goods from railroad cars and conveying them to the upper stories, or to the cold storage rooms in the basement. It was the custom

in unloading goods from the cars to connect the sill of the door with the floor of the car with an iron plate, forming an inclined plane from the car to the door sill, which was a few inches lower than the car. When unloading the cars the elevator was held stationary on a level with the door sill, so that the hand trucks used in conveying the goods from the car ran down the iron plate into the elevator without obstruction. The elevator shaft extended into the basement about ten feet. The doorway was protected by an outer door and an inner gate, but was not kept closed when the elevator was being used in connection with unloading cars. With the elevator away there was nothing to obstruct the entrance to the elevator shaft from the outer door. One of the company's servants who frequently assisted in unloading cars, was ordered by the foreman to assist another employe in unloading a car of fish. He commenced the work of transferring the fish therefrom to the cold storage rooms in the basement, the outer door leading to the elevator shaft being opened and fastened. After the work had been going on some time, the foreman, without notice or warning to the servants unloading the car, pulled the elevator up to the third floor. The servant, who did not know the elevator had been removed, wheeled a truck loaded with boxes of fish from the car upon the iron plate, and, in lowering the truck to the elevator, walked backwards—his face being to the truck and his back to the elevator. He did not notice that the elevator had been removed until it was too late to save himself. He was precipitated into the elevator shaft and killed. The defenses of the company to an action brought by the servant's administrator were (1) assumed risk, (2) negligence of a fellow servant, and (3) contributory negligence. On appeal from a judgment on a verdict peremptorily instructed for the company, the Supreme Court of Minnesota held that the questions of assumed risk and contributory negligence should have been submitted to the jury, and reversed the judgment of the trial court because of its failure to submit them.

The constitutional provision of this State which provides that the right of trial by jury shall remain inviolate means something more than a mere empty form of such a trial. It asserts and gives a substantial right. The Supreme Court has steadily held that where there is any evidence tending to support an issue it is the duty of the trial court to submit it to the jury, and that if the evidence is reasonably sufficient to support the verdict it should not be disturbed. In view of this constitutional right, and the decisions of the court of last resort in this State, we are not prepared to hold that a servant, placed to work by his master on a deck which is perfectly safe and furnishes ample room to perform the service, who, without warning or notice of the danger caused by a removal of a part of it at the instance of his employer, steps back without looking and falls into a pit, is guilty of contributory negligence as a matter of law.

The court did not err in submitting the case to the jury. Its charge presented fairly all the issues raised by the pleadings and evidence, and

is, upon the measure of damages, in perfect harmony with the decisions of the Supreme Court. The evidence is reasonably sufficient to sustain the verdict, and it is not excessive. Therefore the judgment is affirmed.

*Affirmed.*

Writ of error refused.