HOEVERMAN, Respondent, vs. FELDMAN, Appellant.

*February 4—March 3, 1936.*

558

For the appellant there was a brief by *Bagley, Spohn, Ross & Stevens,* and oral argument by *Myron Stevens* and *Arthur A. Blied,* all of Madison.

For the respondent there was a brief by *Rooney & Hillyer* of Madison, and oral argument by *Frederick F. Hillyer.*

NELSON, J.   The complaint alleges in substance, that the Feldman Paper Box Company is a corporation; that the defendant, Jacob Feldman, is the president of said company,

and as such president had the general management and supervision of the affairs of said company; that on or about September 17, 1934, the plaintiff entered the employ of said company; that as such employee she operated a certain die-cutting machine which was regularly used in cutting out designs in the tops of cardboard boxes; that at the time of the commencement of said employment she was informed and instructed by the foreman of the company as to the proper manner of operating said die-cutting machine; that the substance of such instructions was that she should use both hands in placing the uncut boxes on the machine, and use both hands in removing the cut boxes therefrom while operating the machine by means of a foot pedal; that she operated the said machine up to October 25, 1934, pursuant to such instructions; that on October 26, 1934, the defendant negligently and carelessly directed and ordered her to operate the said machine by using her right hand to place uncut boxes on the machine, and by using her left hand to remove the cut boxes therefrom, while operating the said machine by means of the said foot pedal; that the defendant knew, or ought to have known, that she would comply with his said instructions; that the defendant knew, or ought to have known, that operating the said machine, as directed and ordered by him, was inherently dangerous, and that his directions greatly increased the chances of injury to the plaintiff; and that, by reason of the defendant's negligence in directing and ordering her to operate the said machine in such improper manner, her right hand was severely cut and injured.

Liberally construing the complaint, as we are bound to do, it substantially charges that the defendant, as president of the Feldman Paper Box Company, had the general management and supervision of the affairs of said company; that he negligently and carelessly directed and ordered the plaintiff to operate a certain die-cutting machine in an im-

proper manner; that he knew that she would comply with his directions and orders; that he knew, or ought to have known, that operating the machine as directed and ordered by him was inherently dangerous and would probably result in injury to her; and that, as a result of operating the machine as directed and ordered, she sustained an injury which was proximately caused by her complying with and obeying such instructions and orders.

The defendant contends that he breached or violated no duty which he as an individual owed to the plaintiff, and that therefore he is not liable to her. It is true that before there can be negligence there must be a breach of duty owing by the person against whom the claim of negligence is made. *Dorcey v. Milwaukee E. R. & L. Co.* 186 Wis. 590, 203 N. W. 327. But it is the rule of the common law that every person shall use ordinary care not to injure another. *Greunke v. North American Airways Co.* 201 Wis. 565, 230 N. W. 618.

"One must take ordinary care toward others, of course, but one must also take care not to do any act or omit any precaution when from the circumstances it would reasonably appear to an ordinarily intelligent and prudent person that such act or omission might probably cause an injury to somebody." *Hamus v. Weber,* 199 Wis. 320, 325, 226 N. W. 392.

Negligence is defined in Restatement, Torts, § 282, as "any conduct, except conduct recklessly disregardful of an interest of others, which falls below the standard established by law for the protection of others against unreasonable risk of harm." § 298: "The care which the actor is required to exercise to avoid being negligent in the doing of the act is that which he, as a reasonable man, should recognize as necessary to prevent the act from creating an unreasonable risk of harm to another."

In *Greenberg v. Whitcomb Lumber Co.* 90 Wis. 225, 63 N. W. 93, a complaint was held good which, in substance,

alleged that Semple, as an officer of the Whitcomb company, had full charge, management, control, and supervision of a certain defective sawing machine, and had charge of assigning employees to operate the same, and that he negligently put the plaintiff to work on said machine without giving him any instructions as to the dangers attendant upon the work or informing him of the dangers and defective condition thereof which resulted in the plaintiff's injury. The defendant seeks to distinguish that case on the ground that it was alleged in that complaint that the sawing machine was defective, that the plaintiff therein was not informed of the dangers and defective condition of the machine, while in this complaint there is no allegation that the plaintiff was ignorant of the dangerous character of the die-cutting machine when it was operated as directed and ordered by the defendant.

We perceive no real distinction between a situation where a manager puts an employee to work on a defective machine which probably may result in his injury and where a manager directs and orders an employee to operate a machine in an improper manner which is inherently dangerous and which may probably result in his injury. Regardless of whether the complaint herein is ruled by the law of the *Greenberg Case, supra,* we think it clear that one who has the general management and supervision of the affairs of a manufacturing company and who, while managing and supervising its affairs, assumes to direct and order an employee as to the manner in which a machine shall be operated, owes to such employee the duty of exercising ordinary care to give proper directions and orders regarding the operation of such a machine, and that his failure to exercise such care constitutes negligence for which he may be held individually liable, if such improper directions and orders proximately cause injury to such employee, and if, of course, there are no valid or legal defenses to the action. In *Greenberg v. Whitcomb Lumber Co., supra,* it was held that the complaint

stated a cause of action against Semple individually, although it was alleged that at the time he put the plaintiff to work on the defective machine he was acting as the agent or servant of the company. It was there said:

"The principle is well settled that the agent or servant is responsible to third persons only for injuries which are occasioned by his misfeasance, and not for those occasioned by his mere nonfeasance. Some confusion has arisen in the cases, from a failure to observe clearly the distinction between nonfeasance and misfeasance. These terms are very accurately defined, and their application to questions of negligence pointed out, by Judge METCALF in *Bell v. Josselyn,* 3 Gray (Mass.), 309. 'Nonfeasance,' says the learned judge, 'is the omission of an act which a person ought to do; misfeasance is the improper doing of an act which a person might lawfully do; malfeasance is the doing of an act which a person ought not to do at all.' The application of these definitions to the case at bar is not difficult. It was Semple's duty to have had this machine safe. His neglect to do so was nonfeasance. But that alone would not have harmed the plaintiff, if he had not set him to work upon it. To set him to work upon this defective and dangerous machine, knowing it to be dangerous, was doing improperly an act which one might lawfully do in a proper manner. It was misfeasance. Both elements, nonfeasance and misfeasance, entered into the act or fact which caused the plaintiff's damages. But the nonfeasance alone could not have produced it. The misfeasance was the efficient cause. For this the defendant Semple is responsible to the plaintiff."

We think the rules there approved for determining whether one who is acting as an agent is individually liable to another for his acts or failure to act should now be abandoned as a basis for determining whether an act or failure to act constitutes negligence. An illuminating note in 20 A. L. R., commencing at page 97, reveals the inconsistencies which are apt to arise in the holdings of the courts if the rules stated in *Greenberg v. Whitcomb Lumber Co., supra,* and in cases from other jurisdictions which have approved of the doc-

trine of misfeasance and malfeasance be followed. Negligence exists when one has violated a duty which he owes to another whether the character of the act be positive or negative. In our opinion, the rule laid down in the *Greenberg Case, supra,* to the effect that an agent or servant is 'not responsible to third persons for his nonfeasance, but is responsible to third persons for his misfeasance, is not sound. In the above-mentioned note (20 A. L. R. 97), the general rule is stated thus:

"An agent who violates a duty which he owes to a third person is answerable to such person for the consequences, whether it be an act of malfeasance, misfeasance, or nonfeasance." (p. 99.)

Again, on page 107, it is said: "The only rule which can be sustained on principle is that the servant or agent is liable for injury to third persons when, and only when, he breaches some duty which he owes to such third person. The cases are increasingly recognizing this test."

It is our opinion that, in cases which involve the right of a third party to recover from an agent, the latter is individually liable if he has breached some duty which he owed to such third person. This rule we think simplifies the law of negligence applicable to such situations and obviates the necessity of considering fictitious distinctions between nonfeasance and misfeasance.

It is our opinion that the allegations of the complaint, liberally construed, state a breach of duty by the defendant which, as an individual, he owed to the plaintiff.

*By the Court.*—Order affirmed.