ANDERSON, Respondent, v. GREEN BAY HOCKEY, INC., Defendant and Respondent: HOLLOWAY and others, Appellants.*

*No. 230. Argued November 28, 1972.—Decided January 3, 1973.*
(Also reported in 203 N. W. 2d 79.)

* Motion for rehearing denied, without costs, on February 27, 1973.

768

For the appellants there was a brief by *Everson, Whitney, O'Melia, Everson & Brehm*, attorneys, and *John C. Whitney* of counsel, all of Green Bay, and oral argument by *John C. Whitney*.

For the plaintiff-respondent there was a brief by *Richard Greenwood* and *Kaftan, Kaftan, Kaftan, Kuehne & Van Egeren, S.C.*, all of Green Bay, and oral argument by *J. Robert Kaftan*.

For the defendant-respondent there was a brief by *Welsh, Trowbridge, Planert & Schaefer* of Green Bay and oral argument by *Vance M. Waggoner* of Green Bay.

WILKIE, J. Two issues are raised on this appeal:

1. Did the trial court err in overruling the demurrer to the second amended complaint which alleged a cause of action under the safe-place statute and one in common-law negligence against these managerial employees of Brown county?

2. Did the trial court err in overruling the demurrer of Brown county to the amended complaint which alleged such county to be an indemnitor of the employees under sec. 270.58, Stats.?

1. *Individual defendants' demurrer.* Appellants contend that the plaintiff's second amended complaint does not state a cause of action under either the safe-place statute or common-law negligence principles. The general demurrer interposed by the individual defendants raises the question of whether the amended complaint states any cause of action. This general rule, of course, is made unequivocally clear by sec. 263.07, Stats., which is expressly tied into sec. 263.27, which provides that such pleadings "shall be liberally construed, with a view to substantial justice between the parties." [2]

It is clear that under our very recent decisions in *Wasley v. Kosmatka* [3] and *Pitrowski v. Taylor,* [4] the complaint does not state a cause of action insofar as it seeks to apply the safe-place standard of care. In *Wasley* we stated:

"To recognize a third-party action assessing a 'safe-place' standard of care against an individual defendant who also is an officer of the corporation (which is the employer for workmen's compensation benefits) would allow the plaintiff to circumvent the immunity that is granted an employer by the workmen's compensation statute." (Citing sec. 102.03 (2), Stats.) [5]

Plaintiff contends that his complaint states a cause of action against all of the individual defendants under the safe-place statute, and specifically, secs. 101.06 and 101.01 (9), Stats. 1969, thereof, in that liability attaches not only to an "employer" but also to an "owner of a place of employment." It is clear, however, that the duty

---

[2] Sec. 263.27, Stats.

[3] (1971), 50 Wis. 2d 738, 184 N. W. 2d 821.

[4] (1972), 55 Wis. 2d 615, 201 N. W. 2d 52.

[5] *Supra,* footnote 3, at page 742.

of the owner of a place of employment does not add to the duty owed by an employer to an employee, and under sec. 102.03 (2) the workmen's exclusive remedy against the employer and the workmen's compensation carrier is the compensation received under the workmen's compensation statute.

While it is clear that the complaint does not state a cause of action against the individual defendants under the safe-place statute, it is equally clear, particularly in view of the holding in *Pitrowski v. Taylor* that the complaint does state a common-law cause of action. In *Pitrowski* the plaintiff was seeking to recover damages for personal injuries sustained by her husband while he was loading a truck for his employer. The plaintiff had joined a coemployee of her husband, a supervisory employee and the president of the employer corporation, together with various insurers. In response to the contention of the liability insurer of the employer that *Wasley* bars suits against supervisory employees of an employer, this court stated:

". . . All that this court held in *Wasley* was that a safe-place action can be brought only against an employer corporation and not against an employee of the corporation. *Wasley* made it clear that, as to the safe-place statute, '. . . it is the employer who is liable, rather than an agent of the employer. . . .'" [6]

Noting the trial court's determination that the supervisory personnel could be held liable under the safe-place standard of care to be an erroneous view of the law, the supreme court held the negligence of the supervisory employees, if any, "must rest upon common-law failure to exercise ordinary care toward an employee to whom, under the circumstances, they owed a duty." [7] The supreme court remanded the case to the trial court for a determination of whether the corporate

[6] *Supra,* footnote 4, at page 624.

[7] *Id.* at page 627.

president or supervisory employee, "either or both," were negligent in failing to exercise ordinary care toward a fellow employee under common-law negligence principles.

2. *Brown county demurrer.* The parties herein agree that the cause of action against Brown county depends entirely upon whether or not the individual defendants herein are suable coemployees of Delbert E. Anderson. Since we have concluded that the amended complaint states a proper cause of action against the individual defendants as third-party coemployees, secs. 270.58 [8] and 260.11 (1),[9] Stats., and cases interpretive thereof permit the county's being made a party to the action.[10] The first demurrer properly overruled, the second is also properly overruled.

*By the Court.*—Orders affirmed.

The following memorandum was filed March 14, 1973.

PER CURIAM *(on motion for rehearing).* The specific questions concerning the status and conduct of defendants-appellants are questions of fact to be resolved after trial. At this stage, analyzing the complaint on demurrer, the complaint (insofar as it asserts a common-law action) alleges acts of common-law negligence on the part of all defendants-appellants, as coemployees, which

---

[8] Sec. 270.58 (1), Stats.: "Where the defendant in any action or special proceeding is a public officer or employe and is proceeded against in his official capacity or is proceeded against as an individual because of acts committed while carrying out his duties as an officer or employe and the jury or the court finds that he acted in good faith the judgment as to damages and costs entered against the officer or employe shall be paid by the state or political subdivision of which he is an officer or employe. . . ."

[9] Sec. 260.11 (1), Stats.: "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. . . ."

[10] *Larson v. Lester* (1951), 259 Wis. 440, 444, 49 N. W. 2d 414.

acts are alleged to have caused plaintiff's injury. These acts are specifically set forth in paragraph 16, subs. (a), (b) and (c) of the complaint. These allegations state a sufficient cause of action against all the defendants-appellants. Insofar as the complaint alleges negligence for the failure to promulgate rules and regulations to prevent playing personnel from driving hard hockey pucks out of the rink, this alleges the breach of a legislative act for which the defendants-appellants cannot be held liable in this action. Therefore, insofar as paragraph 16 (d) is concerned the complaint does not allege a valid cause of action.

Motion for rehearing denied without costs.