GARCHEK and another, Plaintiffs and Respondents, v. NORTON COMPANY and another, Defendants and Respondents: GORTON and others, Defendants and Appellants.

*No. 353. Submitted under sec. (Rule) 251.54 February 5, 1975.— Decided March 4, 1975.*

(Also reported in 226 N. W. 2d 432.)

---

126

For the appellants the cause was submitted on the brief of *C. James Heft* and *Heft, Coates, Heft, Henzl & Bichler,* all of Racine; and for the respondents there was a joint brief by *Foley & Capwell, S. C.* of Racine for the plaintiffs-respondents and *Schoone, McManus & Hanson, S. C.* of Racine for the defendant-respondent.

CONNOR T. HANSEN, J.    The issue before this court is whether the trial court erred in failing to grant appellants summary judgment in that the exclusive remedy provision of the Workmen's Compensation Act, sec. 102.03 (2), Stats., bars this action against the appellants because of their status as corporate officers.[1]

[1] Sec. 102.03 (2), Stats., provides: "Where such conditions exist the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer and the workmen's compensation insurance carrier."

Appellants do not challenge the proposition that an action may be maintained against a "coemployee" as a "third party" pursuant to sec. 102.29 (1), Stats.[2] Appellants maintain, however, that a corporate officer should be a beneficiary of the exclusive remedy provision in a situation where such "coemployee" has not directly participated in the commission of a negligent act either by specific direction to an employee or participation and cooperation in the act.

Citing this court's decisions in *Lampada v. State Sand & Gravel Co.* (1973), 58 Wis. 2d 315, 206 N. W. 2d 138; *Anderson v. Green Bay Hockey, Inc.* (1973), 56 Wis. 2d 763, 203 N. W. 2d 79; and *Pitrowski v. Taylor* (1972), 55 Wis. 2d 615, 201 N. W. 2d 52, respondents argue that this court has specifically rejected appellants' theory that supervision is the responsibility of the employer and those performing that function on behalf of the employer stand in the shoes of the employer and enjoy immunity from suit under sec. 102.03 (2), Stats. These cases do not support respondents' assertion. In *Lampada, supra,* page 319, this court held that, while an action against a supervisor coemployee may not be barred by the exclusive remedy provision of the Workmen's Compensation Act, the claim for damages must be based upon common-law failure to exercise ordinary care toward an employee to whom, under the circumstances, a duty was owed. The same position was taken by this court in *Pitrowski, supra,* page 627. In *Anderson, supra,* page 771, this court let the complaint stand but returned the case to the trial court to determine ". . . whether or not the individual defendants herein are suable coemployees. . ."; and deferred consideration of whether the defendants therein were being sued as officers or super-

---

[2] *See: Wasley v. Kosmatka* (1971), 50 Wis. 2d 738, 184 N. W. 2d 821; *Zimmerman v. Wisconsin Electric Power Co.* (1968), 38 Wis. 2d 626, 157 N. W. 2d 648; *Hoeverman v. Feldman* (1936), 220 Wis. 557, 265 N. W. 580.

visory employees or, as was required for establishing liability, as coemployees of the injured employee to further proceedings in the trial court.

Respondents' complaint alleges that the appellants were negligent in failing to provide safe equipment and proper supervision. The instant case is controlled by this court's recent decisions in *Ortman v. Jensen & Johnson, Inc.* (1975), 66 Wis. 2d 508, 225 N. W. 2d 635, and *Kruse v. Schieve* (1973), 61 Wis. 2d 421, 213 N. W. 2d 64, wherein we held that a corporate officer becomes a "coemployee" and becomes liable as a third party under the Workmen's Compensation Act not for any general duty or responsibility owed the employer but for an "affirmative act of negligence . . . which increased the risk of injury." [3] The duty to furnish a safe place of employment is upon the employer and is nondelegable.[4] The duty of proper supervision is a duty owed by a corporate officer or supervisory employee to the employer, not to a fellow employee.[5] In *Kruse, supra,* page 428, this court stated that "something extra is needed over and beyond the duty owed the employer." Respondents' complaint, liberally construed, fails to allege that the appellants have "doffed the cap of corporate officer, and donned the cap of a coemployee." [6]

Summary judgment is appropriate in this case. There is no dispute as to whether the appellants committed an affirmative act of negligence going beyond the scope of the duty of the employer. Affidavits filed in support of appellants' motion for summary judgment state that appellants, as officers of Gorton Machine Company, had no direct contact or relationship with the respondent, Clement Garchek, at the time of the accident; exercised no control or supervision over him or the details of his

[3] *Ortman, supra,* page 515; *See also: Kruse, supra,* page 428.
[4] *Kruse, supra,* page 426; *Pitrowski, supra; Wasley, supra.*
[5] *Kruse, supra,* page 428.
[6] *Kruse, supra,* page 425.

work; and were not involved in the accident, directly or indirectly. Respondents' affidavits in opposition to appellants' motion do not contest these facts or raise an issue of fact to be tried. Where there is no issue of fact that should be tried or where there is an issue of law that can be determined so as to conclude the case, summary judgment should be used since in these cases it provides a procedure for the speediest and least expensive disposition of a controversy. *Gies v. Nissen Corp.* (1973), 57 Wis. 2d 371, 204 N. W. 2d 519; *Capt. Soma Boat Line, Inc. v. Wisconsin Dells* (1973), 56 Wis. 2d 838, 203 N. W. 2d 369.

*By the Court.*—Order reversed and cause remanded with directions to dismiss the complaint.