CRAWFORD and wife, Respondents, v. DICKMAN and others, Appellants: LOSHBOUGH and others, Defendants.

*No. 721 (1974). Submitted on briefs March 4, 1976.—
Decided April 7, 1976.*
(Also reported in 240 N. W. 2d 165.)

For the appellants the cause was submitted on the briefs of *Prosser, Wiedabach, Lane & Quale, S. C.* of Milwaukee.

For the respondents the cause was submitted on the brief of *Howard A. Davis, Jean Seaburg* and *Habush, Gillick, Habush, Davis & Murphy* of Milwaukee.

HEFFERNAN, J. This appeal poses the question of whether the plaintiffs, Kenneth Crawford and Marcia Crawford, sufficiently alleged that Jerome W. Dickman and John Dickman, officers of Kenneth Crawford's corporate employer, were acting as coemployees and, hence, were not insulated from suit as the employers and could be subject to an action for negligence as the result of an employment injury. The trial judge concluded that the allegations were sufficient and overruled the demurrer. The Dickmans and their insurance company have appealed. We reverse.

The allegations of the complaint, even when liberally construed, are insufficient to state a cause of action against the Dickmans as coemployees.

In a series of cases,[1] we have pointed out that, under the workmen's compensation statutes, an injured employee's sole recourse against the employer is workmen's compensation benefits. Accordingly, the statutes

---

[1] *Hoeverman v. Feldman* (1936), 220 Wis. 557, 265 N. W. 580; *Wasley v. Kosmatka* (1971), 50 Wis. 2d 738, 184 N. W. 2d 821; *Pitrowski v. Taylor* (1972), 55 Wis. 2d 615, 201 N. W. 2d 52; *Anderson v. Green Bay Hockey, Inc.* (1973), 56 Wis. 2d 763, 203 N. W. 2d 79; *Kruse v. Schieve* (1973), 61 Wis. 2d 421, 213 N. W. 2d 64; *Ortman v. Jensen & Johnson, Inc.* (1975), 66 Wis. 2d 508, 225 N. W. 2d 635; *Garchek v. Norton Co.* (1975), 67 Wis. 2d 125, 226 N. W. 2d 432.

do not permit an additional action for negligence against one who is denominated as a coemployee but is in fact the employer, or against one who is a supervisory employee whose alleged misconduct was a breach of duty owed the employer and not a duty owed a fellow employee. A double recovery—workmen's compensation *and* tort damages—is not permitted against the employer.

On the other hand, this court holds that the exclusivity of the workmen's compensation remedy does not bar the employee's separate action in tort against a coemployee who has breached his duty of exercising ordinary care in respect to the injured party. The injured workman can thus recover workmen's compensation benefits from his employer and also tort damages from a co-worker whose negligence caused his injury.[2]

It is necessary, then, that the injured employee plaintiff plead that the defendant breached the duty of ordinary care in his capacity as a fellow or coemployee. The facts alleged must, if proved, be sufficient to sustain a recovery.

While complaints are liberally construed to uphold a statement of a cause of action (*DeBauche v. Knott* (1975), 69 Wis. 2d 119, 121, 230 N. W. 2d 158), a complaint that leaves in doubt whether the defendant breached his duty in the course of his employer's duties or whether the defendant breached a duty owed the injured coemployee will not be construed to state a cause of action against a coemployee. That is the defect apparent in this complaint.

Crawford and his wife allege that Crawford was injured in the course of his employment at the J. W. Dick-

---

[2] The employer may be subrogated in the employee's claim against a third-party tort-feasor or may bring his own action to recoup part of all of his workman's compensation payments.

man Mfg. Company, Inc., when a punch press unexpectedly malfunctioned.

Paragraph 8 of the plaintiffs' complaint alleges:

"That the defendants, Jerome W. Dickman and John Dickman, are President and Vice President, respectively, and employes of J. W. Dickman Mfg. Co., Inc. located at 606 Beech Street, Grafton, Wisconsin; that as officers and employes of said corporation they had full charge, management, control and supervision of employees and of equipment of the corporation . . . ."

True, that same paragraph continues by alleging that the two defendants had an "individual duty to select and maintain safe equipment . . ." and to instruct the other employees in the operation of the machines; but these are duties that a supervisory employee owes his employer. Some of the duties that plaintiffs allege defendants breached in their individual capacity—*e.g.*, control of employees and safety of employment environment —we have termed an employer's nondelegable duties in *Kruse v. Schieve* (1973), 61 Wis. 2d 421, 213 N. W. 2d 64.

The complaint fails to state that any of the acts allegedly committed by the Dickmans were in the course of their capacity as coemployees rather than in their capacity as the employer's agents.

While the trial court correctly stated that some of the acts attributed to the Dickmans were "direct, personal and affirmative acts," such acts must be stated to be in a separate coemployee capacity, particularly when similar duties owed the employer have been alleged.

This opinion states no new law. Its substance was set forth in *Kruse, supra,* where the defective complaint is strikingly similar to the instant one. In *Kruse,* we said:

"The complaint alleges that the defendant 'was an employee and vice-president' and 'as an employee and vice-president . . . supervised the engineering and main-

tenance and production in the factory.' It is impossible to determine whether the reference to his being an employee means that a vice-president is employed by a corporate employer, or that he had gone beyond the capacity of a company vice-president to assume the role and duties of a coemployee at the time and place of the accident." (Page 429)

Because of the extensive allegations in paragraph 8 of supervisory duties owed the employer, we cannot, even under the rule of liberal construction here appropriate, conclude that the acts alleged in paragraph 12, although direct, personal, and affirmative, were undertaken in the separate capacity of coemployee.

In *Kruse v. Schieve, supra,* that cause was remanded to give the plaintiff the opportunity to amend her fatally deficient complaint. Upon remand, the amended complaint was sustained in the face of a demurrer. On appeal, and on even date herewith, we held that the complaint sufficiently articulates the separate capacity of the defendant's conduct toward the plaintiff as a coemployee. That case, and in particular *Kruse Case No. 1,* restates the pitfalls that the wary pleader ought to avoid.

Suffice it to say here that we will not assume that the duty breached by one who is a supervisor or officer of the employer is a duty owed to the injured party and not that owed to the employer. It is not asking too much of a plaintiff to require that he state that much of his complaint with specificity.[3]

---

[3] The defendants also urge that this court prohibit actions for negligence against officers of corporations and supervisory employees who are acting within the scope of their employment. We decline to consider that question, raised on this appeal for the first time. *See: Terpstra v. Soiltest, Inc.* (1974), 63 Wis. 2d 585, 218 N. W. 2d 129. In addition, this court will not normally consider the abandonment of a traditional rule unless there has been a full trial and full consideration of the issues. The court will rarely consider such a change when the case is before the court on demurrer. *See: Gonzales v. Wilkinson* (1975), 68 Wis. 2d 154, 158, 227 N. W. 2d

The order of the trial court is reversed, and the cause remanded, with the plaintiffs to have the opportunity to file an amended complaint within twenty days of the remand of the record to the trial court.

*By the Court.*—Order reversed, and cause remanded with leave to plead over.

907; and, for the rare exception to the rule requiring a trial on the issue raised, *see Antoniewicz v. Reszczynski* (1975), 70 Wis. 2d 836, 236 N. W. 2d 1.