LUPOVICI, and another, Plaintiffs, v. HUNZINGER CONSTRUCTION COMPANY, Defendant Third-Party Plaintiff-Respondent: REISIG, Third-Party Defendant-Appellant: CONCRETE RESEARCH, INC., and others, Third-Party Defendants: CITY OF MILWAUKEE, Third-Party Defendant and Third-Party Plaintiff: DEBELAK BROS., INC., Third-Party Defendant.

*No. 75–548. Submitted on briefs May 4, 1977.—*
*Decided July 1, 1977.*
(Also reported in 255 N. W. 2d 590.)

For the appellant the cause was submitted on the briefs of *Gibbs, Roper, Loots & Williams* of Milwaukee.

For the respondent the cause was submitted on the brief of *Edmund W. Powell, Steven W. Celba* and *Borgelt, Powell, Peterson & Frauen, S. C.* of Milwaukee.

ABRAHAMSON, J. The issue is whether a supervisor was a co-employee of the injured plaintiff and liable for causal negligence as a third party under the Worker's Compensation Act. The trial court overruled a demurrer by third party defendant David Reisig (an employee of Debelak Brothers, Inc.) to the third party complaint of Hunzinger Construction Co. We reverse.

Plaintiff Aron Lupovici was injured, according to the allegations of his complaint against Hunzinger, when he

fell through an opening in a platform while connecting roof drains with downspouts in the auditorium of Daniel Webster Junior High School. Lupovici was an employee of Debelak Bros., Inc., the plumbing contractor. Hunzinger was the general contractor. Lupovici's complaint alleged a violation of the safe place statute in failing to provide proper lighting, in failing to have guardrails around an opening through which he fell, which was apparently for a stairwell, in failing to cover the opening, and in failing to warn him of the danger of falling through the opening.

Hunzinger's third party complaint against Reisig incorporated the allegations of Lupovici's complaint and alleged that Reisig was in charge of and in control of the work being performed by Lupovici, as well as the place where the work was being performed and the manner and method in which it was being performed. Hunzinger also alleged that Reisig had control over providing lighting in the area. Further, it alleged that at the time of the accident the platform was cluttered with material, including mortar and blocks, and Lupovici was stepping over and around the material just prior to his fall.

Sec. 102.03 (2), Stats. provides that worker's compensation pursuant to ch. 102 is an injured employee's exclusive remedy against the employer and the worker's compensation carrier. However, sec. 102.29, Stats. provides that a worker's compensation claim will not affect the right of any person to maintain an action against a fellow employee of the injured party. *Zimmerman v. Wisconsin Electric Power Co.*, 38 Wis.2d 626, 157 N.W.2d 648 (1968). If the supervisor is merely acting on behalf of the employer in his capacity as a supervisory employee, a personal action against him may not be maintained. In such circumstances the supervisory employee is the representative of the employer and a double recovery, worker's compensation and tort damages, is not per-

mitted. *Kruse v. Schieve,* 61 Wis.2d 421, 426, 213 N.W.2d 64 (1973).

The supervisor is personally liable if as a co-employee he increases the risk of injury to the employee, that is he breaches his duty of exercising ordinary care in respect to the injured party. Chief Justice Beilfuss explained this development of the law as follows in *Laffin v. Chemical Supply Co.,* 77 Wis.2d 353, 358, 359, 253 N.W.2d 51 (1977):

"This law was developed in a series of cases dealing with employees' actions against corporate officers or supervisory employees.[1] The policy behind this law is that worker's compensation is the exclusive remedy against an employer, and if there is a failure of an officer or employee to perform a duty owed to the employer, the employee's recourse is solely against the employer. When an officer or supervisor fails to perform the employer's duty, the failure is that of the employer, not the officer or supervisor.[2]

"In *Kruse v. Schieve,* 61 Wis.2d 421, 213 N.W.2d 64 (1973), this court again stated that the duty to furnish a safe place of equipment was the duty of the employer, in this instance Wausau Chemical, and that this duty cannot be delegated or placed upon the corporate officers. To do so would be inconsistent with the liability limitation of the Worker's Compensation Act. The liability of the corporate officers arises from a breach of a duty owed to

---

[1] *Crawford v. Dickman,* 72 Wis.2d 151, 240 N.W.2d 165 (1976); *Kruse v. Schieve,* 72 Wis.2d 126, 240 N.W.2d 159 (1976); *Barth v. Downey Co.,* 71 Wis.2d 775, 239 N.W.2d 92 (1976); *Garchek v. Norton Co.,* 67 Wis.2d 125, 226 N.W.2d 432 (1975); *Ortman v. Jensen & Johnson, Inc.,* 66 Wis.2d 508, 225 N.W.2d 635 (1975); *Anderson v. Green Bay Hockey, Inc.,* 56 Wis.2d 763, 203 N.W.2d 79 (1973); *Pitrowski v. Taylor,* 55 Wis.2d 615, 201 N.W.2d 52 (1972); *Wasley v. Kosmatka,* 50 Wis.2d 738, 184 N.W.2d 821 (1971); *Hoeverman v. Feldman,* 220 Wis. 557, 265 N.W. 580 (1936).

[2] *Crawford v. Dickman,* 72 Wis.2d 151, 152–53, 240 N.W.2d 165 (1976).

the employee and must rest upon the common-law failure to exercise ordinary care.

"The duty of the officer to supervise an employee is the duty owed to the employer, not to a fellow employee.[3] This duty is exercised in the normal course of the officer or supervisor's activities. It is when the officer or supervisor doffs the cap of officer or supervisor and dons the cap of a coemployee that he may be personally liable for injuries caused. If the officer or supervisor is to be personally liable it is because of some affirmative act of the officer or supervisor which increased the risk of injury to the employee. If a corporate officer or supervisor engages in this affirmative act, he owes the involved employee a duty to exercise ordinary care under the circumstances. This duty is over and beyond the duty of proper supervision owed to the employer.[4] It is the duty one employee owes another. The purpose of allowing third party actions in addition to worker's compensation was to retain "the traditional fault concept of placing responsibility for damages sustained upon the culpable party."[5] If an officer or supervisor breaches a personal duty, it does not offend the policy of the Worker's Compensation Act to permit recovery from the officer or supervisor."

The complaint must be examined to determine if the complaint pleads that this defendant supervisory employee breached a duty of ordinary care in his capacity as fellow or co-employee. Paragraph 42 of the third party complaint alleged the following specific claims of causal negligence on the part of Reisig:

"(a) directing or permitting Aron Lupovici to go onto the platform under the conditions claimed to exist by the plaintiff if such conditions indeed did exist;

[3] *Kruse v. Schieve*, 61 Wis.2d 421, 428, 213 N.W.2d 64 (1973).

[4] *Barth v. Downey Co., Inc.*, 71 Wis.2d 775, 783, 239 N.W.2d 92 (1976).

[5] Piper, "Problems in Third Party Action Procedure Under the Wisconsin Worker's Compensation Act," 60 Marq. L. Rev. 91, 92 (1976).

"(b) in failing to warn Aron Lupovici of conditions and hazards then and there existing if the conditions and hazards claimed by Aron Lupovici to have existed in fact existed;

"(c) in failing to provide better lighting in the area of the accident if better lighting was needed;

"(d) in failing to guard, cover or protect the platform, including the stairwell opening, if such were needed;

"(e) in failing to correct the condition of the surface of said platform if such correction were needed;

"(f) in erecting and in directing Aron Lupovici to erect an unstable walkway between the platform referred to in the complaint and scaffolding that was adjacent to said platform at the time of the accident and in directing Aron Lupovici to use said unstable walkway at and just prior to the time of the accident."

Subparagraphs (a) through (e) are allegations of a breach of the employer's nondelegable duty to provide a safe place of employment. The remedy provided by worker's compensation is exclusive, barring an action in tort for the recovery of damages sustained as result of a breach of that duty. *Kruse v. Schieve,* 61 Wis.2d 421, 213 N.W.2d 64 (1973).

Subparagraph (f) is not so easily analyzed. It alleges that Reisig erected and directed Lupovici to erect an unstable walkway. The unstable walkway's connection with Lupovici's fall is not clear. However, giving the complaint a liberal construction, we will assume a causal connection. We have said that the general duty of proper supervision is a duty owed by the supervisory employee to the employer and not a duty owed to the fellow employee. Before Reisig will be considered to have "doffed the cap" of a supervisory employee and to have "donned the cap" of a co-employee, something extra is needed over and beyond this duty owed the employer.

Subparagraph (f) of the complaint leaves in doubt whether Reisig breached a duty in the course of his employer's duties or whether he breached a duty owed to Lupovici. This court has adopted the rule that acts must be stated to be not only direct, personal and affirmative, but also to be in a separate co-employee capacity, particularly where similar duties owed the employer have been alleged. *Crawford v. Dickman,* 72 Wis.2d 151, 240 N.W. 2d 165 (1976). Therefore, the demurrer should have been sustained, but Hunzinger should be given the opportunity to amend the deficient complaint, if it can, to allege direct personal acts of Reisig in his separate capacity as fellow or co-employee.

Hunzinger relies on *Anderson v. Green Bay Hockey, Inc.,* 56 Wis.2d 763, 203 N.W.2d 79 (1973) and *Hoeverman v. Feldman,* 220 Wis. 557, 265 N.W. 580 (1936), for the proposition that a supervisory employee may, under the circumstances of the case, owe a duty to the co-employee supervised.

In *Anderson* the court properly stated the rule that supervisory employees could be held liable for failure to exercise ordinary care toward an employee to whom under the circumstances they owed duties as co-employees. On further reflection, however, we think allegations of the *Anderson* complaint do not fit within this rule. The plaintiff was a civil defense employee of Brown County who was injured while on duty at a hockey game being played at the Brown County Arena, when he was struck with a hockey puck which flew out of the rink. Among the defendants were the area manager and members of the arena committee of the Brown County Board.

For its *Anderson* decision, the court relied on *Pitrowski v. Taylor,* 55 Wis.2d 615, 201 N.W.2d 52 (1972), which was clearly distinguishable on its facts. In *Pitrowski* the

supervisory employees were engaged, together with the plaintiff and another non-supervisory employee, in loading a truck. In the course of the work a piece of steel fell from a forklift truck, injuring the plaintiff. The question in *Pitrowski* was whether the supervisory employees breached a duty they owed to the plaintiff in the course of unloading the truck. The case was remanded for an answer, because the trial court had decided the case on breach of a duty to furnish a safe place of employment, the duty owed by the supervisory employee to the employer, not to the employees.

It is apparent that the court's reliance on *Pitrowski* to decide *Anderson* was misplaced. It does not appear from the facts of *Anderson* that the supervisory employees were acting as fellow employees. Nevertheless, the case was before the court in the demurrer stage and the court held that questions of fact were to be resolved at trial. In subsequent cases the court has distinguished *Pitrowski* from *Anderson,* but has stopped short of overruling *Anderson. Kruse v. Schieve, supra; Garchek v. Norton Co.,* 67 Wis.2d 125, 128, 226 N.W.2d 432 (1975) ; *Ortman v. Jensen & Johnson, Inc.,* 66 Wis.2d 508, 225 N.W.2d 635 (1975).

In *Hoeverman v. Feldman, supra,* the court held that a manager sustains liability when he directs an employee to operate a machine in an improper manner which is inherently dangerous. The opinion discusses *Greenberg v. Whitcomb Lumber Co.,* 90 Wis. 225, 63 N.W. 93 (1895), a case arising prior to worker's compensation. In *Greenberg,* it was held that the complaint sufficiently alleged a violation of the employer's duty to furnish plaintiff a safe machine, to instruct plaintiff (whom the employer knew was inexperienced), in the dangers of the machine (which the employer knew was defective). It was also held the complaint stated a cause of action against the

manager for directing plaintiff to work upon the machine. The court analyzed the complaint as follows:

"The complaint states but a single cause of action. It is the same cause of action against both defendants, arising from the same acts of negligence,—the master for the negligence of its servant; the servant for his own misfeasance. Both master and servant, being liable for the same acts of negligence, may be joined as defendants." *Greenberg v. Whitcomb Lumber Co., supra,* 90 Wis. at 232.

The advent of worker's compensation relieved the master from tort liability. After *Hoeverman* this court has rejected the theory that a supervisory employee owes a duty of proper supervision to the employee supervised which duty is separate and distinct from the supervisory employee's duty to the employer.

This opinion states no new law. However, to the extent the *Anderson* and *Hoeverman* cases may be interpreted to allow an action against a supervisory employee based on breach of the duty of proper supervision of the injured employee, a duty owed the employer (rather than based on breach of the duty of due care as a fellow employee), these two cases are disavowed.

*By the Court.*—Order reversed. The demurrer is sustained. Plaintiff granted leave to plead over within 20 days after remittitur.