366 So.2d 1193 (1979)
ZURICH INSURANCE COMPANY et al., Appellants,
v.
Joanne SCOFI, etc., Appellees.
No. 77-1087.
District Court of Appeal of Florida, Second District.
January 5, 1979.
As Modified On Denial of Rehearing February 9, 1979.
*1194 Alton G. Pitts of Pitts, Eubanks, Ross & Rumberger, Orlando, for appellants.
Edward A. Perse of Horton, Perse & Ginsberg, Miami, and John A. Lloyd, Jr. of Lloyd & Henninger, St. Petersburg, for appellees.
OTT, Judge.
The appellees' decedent was working in a trench when a cave-in occurred. He died as a result of his injuries. At the time of his death, the decedent and the appellant/supervisor were employed by the same company. The appellant was neither an officer, shareholder nor director in the employing company. Appellant, however, was the supervisor in charge at the job site.
The issue is whether the appellant, decedent's supervisor, is immune from a common law third party action in negligence by virtue of the employer's workmen's compensation coverage. We believe so and reverse.
The survivors received workmen's compensation benefits. Thereafter, this tort action was brought against the supervisor which resulted in a jury verdict and final judgment for the survivors.
The law of Florida is that "the liability of a corporate officer in a third party action must derive from acts done by him in the capacity of a co-employee and may not be predicated upon acts done by him in his capacity as a corporate officer." West v. Jessop, 339 So.2d 1136, 1137 (Fla. 2d DCA 1976) citing Kruse v. Schieve, 61 Wis.2d 421, 213 N.W.2d 64 (1973). The West court also stated:
[A] corporate officer becomes amenable to suit as a co-employee when he has committed an affirmative act of negligence which goes beyond the scope of the nondelegable duty of the employer to provide his employees with a safe place to work. West, supra at 1137 citing Kruse, supra.

In Kruse the supreme court of Wisconsin elaborated upon a supervisor's liability:
Under what circumstances can a duty be owed to a fellow employee additional to and different from the duty of proper supervision that is owed to the employer by a corporate officer or supervisory employee? Clearly something extra is needed over and beyond the duty owed the employer. [Emphasis supplied]. 213 N.W.2d at 67.[1]
In the instant case, there is nothing in the record to indicate that the supervisor committed any such affirmative act of negligence which went beyond the scope of his employer's duties. Simply stated, the "something extra" as required by Kruse was missing in the instant case.[2]
*1195 The lower court admitted into evidence various state safety rules. These rules were to the effect that trenches in excess of a certain depth must have sheeting or bracing. The lower court gave instructions regarding the state safety rules as follows:
There are other aspects of the requirements of those rules and regulations . . which you will have an opportunity to examine at length when you go to the jury room. But you're instructed [that] a violation of these rules is negligence. If you find a person alleged to have been negligent violated these rules then that person is negligent.[3]
This was the negligence charged to the appellant. If a state safety rule was violated at the job site, this was a responsibility of the employer which it can only discharge (or fail to discharge) through its supervisory employee. The supervisor merely carries out the responsibility or duty of the employer. For this purpose he is the employer's alter ego. Thus, under such circumstances, the supervisor should be entitled to the immunity of the employer.
Appellee contends that immunity does not extend to the supervisor because he was neither a shareholder, officer, nor director of the corporation for whom he worked. Most of the reported cases deal with corporate officers (or shareholders or directors) and hence the appellee argues that such cases are authority that the employer's immunity from tort liability by virtue of workmen's compensation coverage extends only to such "official" persons. We do not think this is the import of these cases.
Our holding is that the immunity of the corporate employer extends to its supervisor where that supervisor has committed no affirmative act of negligence going beyond the scope of his employer's nondelegable duty. We would point out that this holding would apply to any employee, regardless of rank or title, so long as that employee was the agency for carrying out the employer's duties. The umbrella of immunity applies to those who fill the role of the corporation's alter ego. In our estimation, this is the only possible common sense application of the immunity rule.
Accordingly, we reverse and set aside the judgment of the lower court entered upon the jury verdict and remand to the lower court with direction to enter final judgment for the appellants notwithstanding the jury verdict.
HOBSON, Acting C.J., and SCHEB, J., concur.
NOTES
[1] On remand, the court in Kruse v. Schieve held that the amended complaint sufficiently alleged facts showing that the defendant's negligence was in the course of his duties as a co-employee and not in the course of his general supervisory duties as a vice president of the corporation. Although this technically changes the result, it has no effect upon the black letter law recited in Kruse v. Schieve quoted above. See Kruse v. Schieve, 72 Wis.2d 126, 240 N.W.2d 159 (1976).
[2] Four Wisconsin cases are on point: Lupovici v. Hunzinger Construction Co., 79 Wis.2d 491, 255 N.W.2d 590 (1977); Laffin v. Chemical Supply Co., 77 Wis.2d 353, 253 N.W.2d 51 (1977); Garchek v. Norton Co., 67 Wis.2d 125, 226 N.W.2d 432 (1975); and, Ortman v. Jensen & Johnson, Inc., 66 Wis.2d 508, 225 N.W.2d 635 (1975). In each of these cases, the Kruse rules cited above were quoted with approval. In Ortman a trench cave-in fatality was also involved. The plaintiff therein made many of the same allegations in its pleadings as in the instant case, i.e., the trench was unsafe. However, the Wisconsin court held for the defendant stating that there had been "no allegation of any affirmative act of negligence by the respondent [defendant] which increased the risk of injury." 225 N.W.2d at 639.
[3] The lower court refused the request of the plaintiff/appellee that it give an instruction with regard to the federal (OSHA) safety regulations. Appellee cross-appeals on the ground that this was error. In view of our decision on other grounds we do not address this point.