392 So.2d 340 (1981)
Dorothy A. DESSERT et Vir., Appellants,
v.
ELECTRIC MUTUAL LIABILITY INSURANCE COMPANY, a Massachusetts Corporation, and Weldon Morford, Appellees.
No. 80-72.
District Court of Appeal of Florida, Fifth District.
January 14, 1981.
*341 Anthony I. Provitola, DeLand, for appellants.
Richard W. Bates and Jesse F. Sparks, Orlando, for appellees.
ORFINGER, Judge.
Appellants (plaintiffs below) appeal a final judgment entered in favor of appellees (defendants below) based on a jury verdict in favor of appellees. Appellants contend that the trial court erred in giving certain instructions to the jury and in permitting certain testimony to be elicited on cross-examination. Since we conclude that the case should not have been submitted to the jury because the defendants were entitled to a directed verdict, and that therefore the result is correct, we affirm.
Appellant Dorothy A. Dessert was a computer operator employed by General Electric Company in Daytona Beach. In the course of her employment, she stepped into an opening in the floor of a platform upon which her machine was placed, thereby suffering an injury. The platform is part of a testing area where computer cabinets and equipment are tested before being marketed. The equipment being tested requires a mass of electrical cables and air conditioning duct work, so the equipment is placed on the platform approximately 14 inches high, beneath which the cables and duct work run. The floor panels can be removed to provide access to the cables and electrical outlets below and, as was the case here, the equipment being tested does not always completely cover the opening in the platform on which it is placed.
Appellee Morford, also employed by General Electric, was "Supervisory Representative of Security Control." He was not appellant's job supervisor. He had nothing to do with the placement of the equipment on the testing platform or the removal of the floor panels and he exercised no control over the operations. However, Morford was responsible for administering the industrial safety program at General Electric, made determinations of whether a particular condition was a hazard, and was "the individual that would have initiated any remedial action if that was deemed necessary." Appellant's complaint against Morford was premised on the theory that he was responsible for providing her with a safe place to work and had a duty to report or correct any defect in the premises which might cause her injury.
The trial court instructed the jury, over appellant's objection, that the first issue for their determination was whether Morford "committed any affirmative or actual act of negligence which was the legal cause of any loss, injury or damage ..." to appellant. The verdict form, over appellant's objection, also requested the jury to answer the special interrogatory, viz:

*342 Was there any actual affirmative act of negligence on the part of the Defendant Weldon Morford which was a legal cause of damage to the Plaintiff Dorothy Dessert?
to which interrogatory the jury answered in the negative. Appellants contend that requiring that the jury find an "affirmative act" of negligence on the part of Morford was an erroneous application of worker's compensation immunity,[1] and led to an incorrect result.
In Zurich Insurance Co. v. Scofi, 366 So.2d 1193 (Fla. 2d DCA 1979), the court was faced with a factual circumstance quite analogous to the case sub judice. There, the decedent was killed when a trench in which he was working collapsed. He brought suit against his supervisor on the theory of negligence in failing to see that the trench was properly braced or sheeted. In reversing a judgment for the survivors, the court found that the supervisor was entitled to the worker's compensation immunity of his employer.
If a state safety rule was violated at the job site, this was a responsibility of the employer which it can only discharge (or fail to discharge) through its supervisory employee. The supervisor merely carries out the responsibility or duty of the employer. For this purpose he is the employer's alter ego. Thus, under the circumstances, the supervisor should be entitled to the immunity of the employer.
Id. at 1195.
Although a negligent co-employee may be sued in tort as a third-party tortfeasor notwithstanding the common employer's immunity, Frantz v. McBee Co., 77 So.2d 796 (Fla. 1955), the immunity of the corporate employer extends to its supervisory where that supervisor has committed "no affirmative act of negligence" going beyond the scope of his employer's non-delegable duty. West v. Jessop, 339 So.2d 1136 (Fla. 2d DCA 1976). The umbrella of immunity applies to all those who fill the role of the corporation's alter ego. Zurich, supra.
Sub judice, the only duty alleged to have been breached by Morford was the duty to provide appellant with a safe place to work. This was the duty owed to appellant by her employer, not by Morford. Kruse v. Schieve, 61 Wis.2d 421, 213 N.W.2d 64 (1973). Appellant says that Zurich reaches an incorrect result when it relies on Kruse, because in requiring the jury to find an "affirmative act of negligence" on the part of the supervisor the court was departing from the traditional concept of negligence and overlooking the fact that negligence ordinarily can be found from nonfeasance as well as from misfeasance.[2]
In Lupovici v. Hunzinger Const. Co., 79 Wis.2d 491, 255 N.W.2d 590 (1977), the Wisconsin Supreme Court summarized the law relating to personal liability of a supervisory employee for injuries to a fellow employee thusly:
The duty of the officer to supervise an employee is the duty owed to the employer, not to a fellow employee. This duty is exercised in the normal course of the officer or supervisor's activities. It is when the officer or supervisor doffs the cap of officer or supervisory and dons the cap of a coemployee that he may be personally liable for injuries caused. If the officer or supervisor is to be personally liable it is because of some affirmative act of the officer or supervisor which increased the risk of injury to the employee. If a corporate officer or supervisor engages in this affirmative act, he *343 owes the involved employee a duty to exercise ordinary care under the circumstances. This duty is over and beyond the duty of proper supervision owed to the employer. It is the duty one employee owes another. The purpose of allowing third party actions in addition to worker's compensation was to retain "the traditional fault concept of placing responsibility for damages sustained upon the culpable party. If an officer or supervisor breaches a personal duty, it does not offend the policy of the Worker's Compensation Act to permit recovery from the officer or supervisor. [citations omitted].
255 N.W.2d at 592. The rationale of the decision is that the supervisor is personally liable if, as a co-employee, he increases the risk of injury to the employee, that is, he breaches his duty of exercising ordinary care which he owes to the injured party.
Thus, we hold that the "affirmative act of negligence"[3] referred to in Zurich and West means an independent act of negligence committed by the supervisor in breach of a duty to exercise ordinary care which he owes to the injured employee. There was no allegation of such breach nor was there any evidence thereof. The only allegations here, and the only evidence adduced at trial, related to the employer's non-delegable duty to provide appellant with a safe place to work; thus appellee Morford was entitled to the same tort immunity as was his employer.
The trial court should have granted appellee's motion for a directed verdict, but since the jury verdict accomplished the same result, the judgment is
AFFIRMED.
DAUKSCH, C.J., and COBB, J., concur.
NOTES
[1] The record shows that appellant received worker's compensation benefits from appellee Electric Mutual, as the compensation carrier for General Electric Company.
[2] It must be noted here that the trial court gave to the jury the definition of negligence found in Standard Jury Instruction 4.1 as follows:

Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
[3] Both the instruction to the jury and the interrogatory in the verdict here referred to an affirmative or actual act of negligence.