## SULLIVAN v. ATLANTIC FEDERAL S&L ASSN. AND STREETER
Case No. 82-36069
Seventeenth Judicial Circuit, Broward County
November 1, 1983

Judith Korchin, Steel Hector & Davis, for plaintiff.

Robert M. Curtis, Saunders Curtis, Ginestra & Gore, for defendant Donald Streeter.

BOBBY W. GUNTHER, Circuit Judge

———————

THIS CAUSE came before the Court for hearing upon defendant, Donald Streeter's motion for reconsideration or rehearing of the Order entered September 9, 1983 which denied defendant Streeter's motion to dismiss or in the alternative for Summary Judgment as to Count I [action for damages for gross negligence of fellow employee, exception to Section 440.11, Florida Statutes], Count II [action for damages for willful and wanton conduct of fellow employee, exception to Section 440.11, Florida Statutes], Count VI [action for damages for negligence of fellow employee assigned primarily to unrelated works, exception to Section 40.11. Florida Statutes] and Count VII [additional action for damages for gross negligence of fellow employee, exception to Section 440.11, Florida Statutes] of the Second Amended Complaint. The Court has heard argument of counsel, reviewed the Second Amended Complaint and been otherwise fully advised in the premises.

I find that the Second Amended Complaint alleges sufficient ultimate facts to state claims for relief within the statutory causes of action created by the exceptions to Section 40.11(1), Florida Statutes adopted by the Florida Legislature in 1978. Section 440.11 (1), Florida Statutes expressly provides that:

> The same immunities from liability enjoyed by an employer shall extend as well to each employee of the employer when such employee is acting in furtherance of the employer's business and the injured employee is entitled to receive benefits under this chapter. Such fellow employee immunities shall not be applicable to an employee who acts, with respect to a fellow employee, with willful and wanton disregard . . . or with gross negligence when such acts result in injury or death or such acts proximately cause such injury or death nor shall such immunities be applicable to employees of the same employer when each is operating in the furtherance of the employer's business but they are assigned primarily to unrelated works within private or public employment.

Prior to the 1978 amendment, Florida's Workmans' Compensation Act did not expressly provide for a cause of action by an injured employee against his fellow employee. Instead, the courts interpreted

Section 440.39(1), Florida Statutes[1] which preserved the common law right of action by the injured employee against third party tortfeasors to include within its ambit fellow employees. In the Florida Supreme Court's seminal opinion determining that a co-employee may be sued for his negligence in injuring a fellow employee in those cases where the injured person's remedy against the common employer is exclusively under the Florida Workmen's Compensation Act, the Court opined:

> There can be no doubt that, at common law, servants mutually owed to each other the duty of exercising ordinary care in the performance of their service and were liable for a failure in that respect which resulted in injury to a fellow servant. Our research indicates that most of the courts which hold that this common law rule is abrogated by a Workmans' Compensation Act have done so on the basis of the wording of the particular act in question . . .

> \*      \*      \*      \*      \*

> There is nothing in our Act which expressly or by necessary inference requires this Court to hold that the Legislature intended to abrogate the common law rule respecting the liability to an injured employee of a negligent co-employee. Under these circumstances and the ordinary rules of statutory construction, we cannot read into the statute a provision which would be in derogation of a common-law right of an injured employee. *Frantz v. McBee Company,* 77 So.2d 796 (Fla. 1955).

With regard to tortfeasors who were both co-employees and supervisors, the District Courts of Appeal engrafted a limitation upon the injured employee's right to sue. The courts reasoned that corporations can act only through their supervisors and therefore a supervisor enjoys the immunity afforded his employer under the Workmen's Compensation Act unless he engages in conduct which, by direct involvement on his part, constitutes an affirmative act of negligence going beyond the nondelegable duty of the employer to provide his employees with a safe place to work. *West v. Jessop,* 339 So.2d 1136, 1137 (Fla. 2d DCA

---

[1]Section 440.39(1), Florida Statutes provides:

> If an employee, subject to the provisions of the Workers' Compensation Law, is injured or killed in the course of his employment by the negligence or wrongful act of a third party tortfeasor, such injured employee or, in the case of death, his dependents may accept compensation benefits under the provisions of this law, and at the same time such injured employee or his dependents or personal representatives may pursue his remedy by action at law or otherwise against such third party tortfeasor.

1982); *Clark v. Better Const. Co. Inc.,* 420 So.2d 929, 931 (Fla. 3d DCA 1982). Thus, personal liability existed for a supervisor's ordinary negligence if he "increased the risk of injury to the employee" by his own affirmative act other than his actions taken to satisfy the employer's duty to provide a safe place to work. *Clark v. Better Const. Co. Inc.,* 420 So.2d at 931. As explained by the Fifth District Court of Appeal, citing *Lupovici v. Hunzinger Const. Co.,* 79 Wis.2d 491, 255 N.W.2d 590 (1977): " 'The purpose of allowing third party actions in addition to workmen's compensation was to retain the traditional fault concept of placing responsibility for damages sustained upon the culpable party. If an officer or supervisor breaches a personal duty, it does not offend the policy of the Worker's Compensation Act to permit recovery from the officer or supervisor.' " *Dessert v. Electric Mutual Liability Insurance Company,* 392 So.2d 340 (Fla. 5th DCA 1981).

With knowledge of the Florida court decisions that created the complicated affirmative act rule for employee supervisors, the Legislature in 1978 amended Section 440.11, Florida Statutes in order to explicitly define when an injured employee is entitled to relief against his fellow employee tortfeasor.

Under the principles of statutory construction, the statute must be interpreted so as to give effect to its plain language, *Cragin v. Ocean & Lake Realty Co.,* 101 Fla. 1324, 133 So. 569 (1931) and with a presumption that the Legislature had an objective in amending the statute. *Sunshine State News Company v. State,* 121 So.2d 705 (Fla. 3d DCA 1960).

The first sentence of the amendment provides immunity to the tortfeasor employee for his ordinary negligence when acting in furtherance of the employer's business and when the injured employee is entitled to receive benefits under the Workmen's Compensation Law. The accidental nature of the injury limits the injured employee to his remedy under the Act. However, under the second sentence of the amendment, the tortfeasor-employee is left standing just as any other tortfeasor when he acts with conscious disregard for the consequences of his action or intentionally inflicts harm; that is, he acts with gross negligence, willful and wanton disregard or unprovoked physical aggression. Under such circumstances, the injured employee may seek recovery from the willful tortfeasor, the person actually responsible for his injuries, and the employer is given the right of a set-off or reimbursement of amounts paid under the Act to his injured employee. *Fla. Stat.* §§440.11, 440.39 (1981). Public policy requires that the law avoid shielding one who does intentional harm or who with awareness of an imminent and clear danger acts with conscious disregard of the consequences to his fellow employee. The tortfeasor-employee who acts with gross negligence, willful and wanton conduct or unprovoked physical aggression does not escape liability

merely because he acts at the work place. To hold otherwise would be detrimental to employees as well as employers and the general public and would remove deterrence against such conduct.

The Court has reviewed the Second Amended Complaint to determine whether it states a cause of action pursuant to the exceptions created by the 1978 amendment to Section 440.11(1), Florida Statutes. The complaint alleges that at all material times plaintiff's wife, Suzanne Sullivan, now deceased, was employed by Atlantic Federal Savings and Loan Association (Atlantic) as branch manager at its Davie Boulevard branch [¶4, Second Amended Complaint (S.A.C.)] while defendant, Donald Streeter, Chairman of the Board and President of Atlantic, was Chief Executive Officer of Atlantic responsible for the overall administration and operation of Atlantic [¶3B, S.A.C.] who maintained his office at the executive offices of Atlantic [¶5, S.A.C.].

When the Davie Branch originally opened in June 1980, Streeter employed a security guard, armed and in uniform, to protect the employees, customers and property. Shortly after the Davie Branch began full operation, the armed and uniformed security guard was withdrawn by Streeter despite protests from the employees and Streeter refused to provide adequate security to the Davie Branch. Streeter withdrew the armed and uniformed security guard with knowledge that the Davie Branch was located in an area closely bounded by neighborhoods where transients and drifters reside and in a location accessible to a number of road networks making provision for security an obvious need.

On October 13, 1981, the first armed robbery of the Davie Branch occurred. No security guards were present. That robbery took place on the same day that another Atlantic Branch was also robbed. [¶6, S.A.C.]. From the time of the October 13, 1981 robbery, Streeter knew or should have known that the Davie Branch was vulnerable to armed robbery and that armed robbers knew of this vulnerability. [¶8,(B), S.A.C.]. On June 1, 1982, the second armed robbery occurred at the Davie Branch. [¶6(B), S.A.C.]. At that time, despite the previous robbery, no provisions had been made by Streeter at the Davie Branch for any security guard, armed or unarmed. All regular employees of the Davie Branch were women ranging in age from 18 years to 28 years. [¶6,(8))2), S.A.C.]. During the June 1, 1982 robbery, the robber brandished a handgun and threatened the life of Suzanne Sullivan before leaving the Davie Branch [¶8,(B)(4), S.A.C.]. Subsequent to the June 1, 1982 robbery the Davie Branch employees, including Suzanne Sullivan complained to Streeter that the security was inadequate and pleaded for adequate security measures, including armed and uniformed guards. Other branch managers and employees of Atlantic and law enforcement

officials supported these requests to Streeter. All requests for adequate security at the Davie Branch, including security guards, were conveyed to the defendant, Streeter, who made a deliberate decision not to respond to the requests. [¶8, B(7), S.A.C.]. The decision by Streeter to refuse to provide any reasonable adequate security measures at the Davie Branch was based *solely* on economic considerations in an effort to reduce costs and maximize the profits of Atlantic. [¶16, S.A.C.].

On July 23, 1982, the same person who robbed the Davie Branch at gun point on June 1, 1982 and who had, at that time, threatened the life of Suzanne Sullivan returned to the Davie Branch to rob it again. [¶7, S.A.C.]. At that time, despite the two recent robberies of the Davie Branch, no provision had been made by Streeter for any security guard. All regular employees of the Davie Branch were women ranging in age from 18 years to 28 years. Upon entering the Davie Branch, the robber brandished a handgun and killed Suzanne Sullivan by shooting her in the back; she was the only person present in the Davie Branch who had also been present at the time of the June 1, 1982 robbery by this same robber. [7, S.A.C.].

In order to state a cause of action for gross negligence against defendant, Streeter, as permitted by the exception to Section 440.11, Florida Statutes, the Second Amended Complaint in Counts I and VII must allege ultimate facts which show: (1) a composite of circumstances which, together constitute a clear and present danger; (2) an awareness of such danger and (3) a conscious, voluntary act or omission in the face thereof which is likely to result in injury. *Glaab v. Caudill,* 238 So.2d 180, 185 (Fla. 2d DCA 1970). The aforesaid ultimate facts alleged by plaintiff satisfy these requisites and therefore a cause of action is stated in Count I and VII. *See also Burk Royalty Company v. Walls,* 616 S.W.2d 911 (S. Ct. Tex. 1981), interpreting the Texas Workmen's Compensation statute which allows exemplary damages against the employer who is grossly negligent in failing to provide a safe place to work.

As to Count II of the Second Amended Complaint, a claim for willful and wanton conduct exists against defendant, Streeter, if ultimate facts are alleged to show that he was aware of the likelihood that his fellow employee would be injured in the performance of her work unless precautions were taken for her safety and he deliberately failed to take such precautions. *See Rogers Materials Company v. Industrial Accident Com'n,* 48 Cal. Rptr. 129, 408 P.2d 737, 743 (S. Ct. Cal. 1965) defining what constitutes willful misconduct under California's Workmen's Compensation Statute providing for additional compensation from an employer whose willful misconduct injures the employee.

Clearly ultimate facts have been alleged in Count II to state a cause of action for willful and wanton conduct by defendant, Streeter.

In Count VI of the Second Amended Complaint plaintiff alleges a cause of action under the exception in Section 440.11, Florida Statutes, which creates liability for negligent acts by a tortfeasor-employee when he is operating in the furtherance of the employer's business but the tortfeasor-employee and the injured employee are assigned primarily to unrelated works. Plaintiff has alleged that defendant, Donald Streeter was the Chairman of the Board of Atlantic and Chief Executive Officer and he performed his work from the executive offices while plaintiff's deceased wife, Suzanne Sullivan, managed a branch of Atlantic located in a shopping plaza. No cases have been provided the Court defining "unrelated works". The allegations that plaintiff's decedent and defendant Streeter performed their services at different places; i.e., different "works" comes within the statutory exception.

For the foregoing reasons, the Second Amended Complaint states a cause of action and a jury question is presented, it is

ORDERED and ADJUDGED that the motion for reconsideration or rehearing is denied. Defendant, Donald Streeter shall answer within ____ days from entry hereof.