## JAMES SLATER v. HIRAM B. CHAPMAN.

67 523
78 503
67 523
84 295
67 523
98 414

*Negligence—Master and servant—Incompetency of workman—Fellow-employe—Vice principal—Practice in Supreme Court—Objections not made in lower court.*

1. An objection not urged on the trial, nor covered by the assignments of error, cannot be raised for the first time in the appellate court.

2. The negligence of an employe who has the *whole* charge of the erection of a building, and exercises *full* control over it, in the place of his employer, is *in law* the negligence of the employer, who is liable therefor, irrespective of his knowledge of the incompetency or carelessness of such employe, *provided* that the party injured by reason of such negligence is not in fault.

Error to Charlevoix. (Ramsdell, J.) Argued October 25, 1887. Decided November 10, 1887.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Pailthorp & George (Taggart, Wolcott & Ganson,* of counsel), for appellant.

*Cruickshank & Grier,* for plaintiff.

MORSE, J. This action was brought by the plaintiff to recover damages for an injury resulting from a fall while he was employed as a carpenter about the construction of a hotel, which the defendant was building at Bay Springs, in Charlevoix county.

The theory of the plaintiff upon the trial was that the injury was occasioned, without fault on his part, through the negligence of one Charles Sizer, who had the whole charge and management of the work and the workmen employed in the building of the hotel, and that the defendant was liable

for the result of Sizer's negligence, because he knew that Sizer was careless and negligent, and kept him in his employ and in charge of the work after such knowledge of his incompetency by reason of such carelessness and negligence; and also because, Sizer being employed by the defendant to take the whole charge of the erection of the building, and exercising full control over it in the place and stead of defendant, his negligence was the negligence of the defendant, even if the defendant had no knowledge that Sizer was incompetent or careless.

There seems to be no dispute about the reason of the accident. A temporary staircase had been erected connecting the second and third stories of the hotel. This stairway was kept from sliding or slipping by a cleat at the bottom. In putting in the permanent stairway it became necessary to remove this cleat. Sizer removed it without the knowledge of the plaintiff. After its removal he ordered plaintiff to go up the temporary stairs to work about the permanent stairway. When near the top, the stairs gave way on account of the removal of the supporting cleat, and the plaintiff was precipitated into the basement below, severely injuring him.

He recovered a judgment for $1,000.

It is claimed by the counsel for the defendant that the proofs in the case were at variance with the declaration, which avers that the removal of this cleat was with the knowledge and consent of the defendant, who was present, while the evidence shows that Chapman was absent and knew nothing about it.

It appears, however, from the record, that no claim of this kind was made upon the trial, nor is there any assignment of error that covers it. It cannot now be raised here for the first time.

The other errors assigned relate to the charge of the court.

We think that the court very fairly and properly instructed the jury as to the law of the case.

Every request of the defendant's counsel was given in the exact language of the counsel, and without modification.

The court instructed the jury, in substance, that if Sizer was employed by the defendant to take the whole charge of the erection and construction of the hotel, and exercised full control over it, in the place of the defendant, then the negligence of Sizer would be the negligence of the defendant, who would be liable for such negligence, no matter whether he knew Sizer was incompetent or careless or not; and, also, that if the injury was occasioned by the negligence of Sizer, the defendant would be liable for the same if he knew Sizer to be incompetent and careless, and Sizer was in fact a careless and negligent workman in the place where the defendant had put him: *Provided,* however, in *either* case, that the plaintiff himself was not in fault, for the plaintiff must also show that he was ignorant of these faults in Sizer, and ignorant of the removal of the cleat, and that he exercised all the care and caution that a competent workman in his calling would have exercised under like circumstances; and that if the plaintiff, in going upon the stairs to work, when he was ordered to do so by Sizer, without first examining them to determine their safety, did not thereby exercise the care and caution which common prudence would require in one of his calling, he could not recover, notwithstanding the negligence of Sizer.

It is contended here that there was no evidence tending to show that Chapman had any knowledge that Sizer was careless or negligent in his work as foreman, or that in fact Sizer was so careless or negligent. There was evidence tending to show not only that Sizer was careless in removing this cleat, and then sending the plaintiff upon the stairway, but that he was careless in other respects as to the fastenings of braces and other supports upon which the workmen must rest in the process of the work upon this building. There was also testimony that Chapman said after the accident that

he knew Sizer was careless, and "expected he would kill somebody," and that he "was the man who built the grandstand at Adrian." This testimony was not denied by the defendant, as appears from the record.

It is also insisted that because the foreman, Sizer, worked himself about the building, the same as the other carpenters, and at times with them, he was a fellow-servant of the plaintiff, in law, and therefore the direction of the court below was erroneous in instructing the jury that his negligence might be considered the negligence of Chapman.

There was testimony tending to show that Sizer was something more than a mere foreman or boss workman. If he had the full charge and control of this building and the men employed thereon delegated to him by the defendant, and his agency covered the entire building, and his capacity and discretion dominated over it, in respect to his legal accountability, he stood in the shoes of his principal, Chapman, and his negligence was the negligence of the defendant without question. *Mining Co. v. Kitts*, 42 Mich. 34; *Ryan v. Bagaley*, 50 Id. 179, 180; *Willis v. Navigation Co.*, 11 Or. 257 (4 Pac. Rep. 121); *Rodman v. Railroad Co.*, 55 Mich. 62, and 59 Id. 395.

We find no error in the proceedings upon the trial, and the judgment of the court below will be affirmed, with costs.

SHERWOOD and CHAMPLIN, JJ., concurred.

CAMPBELL, C. J., did not sit.