## WALTER FRIZZELL vs. CHARLES SULLIVAN.

*Negligence: master and servant; assumption of risk; fellow-servant; foreman as vice-principal.*

In attempting to hoist steel beams for structural iron work, it is negligence for the employer to use a rope which by reason of dry rot was totally unfit for the purpose, when the defect would have been easily discernible by any proper examination and inspection.                                        p. 390·

In an action of damages by an employee for personal injury received, the defence of the "assumption of risk" can be invoked, only, if it be shown that the master has performed his full duty towards his servant, by supplying him a place reasonably safe in which to perform the work, or with tools and machinery proper and suitable in character for the work to be performed.                                        p. 390

Whether the one through whose negligence an employee is injured is a vice-principal or fellow-servant, depends upon whether or not he was the representative of the master in respect to those duties, responsibility for which, the master can not escape by a delegation of them.                    p. 391

The responsibility of a master to select and provide safe appliances and machinery can not be delegated to a foreman; and where a foreman is given such authority he is a vice-principal and not a fellow-servant; and for the negligence of a foreman in such a case the master is liable.           pp. 395-396

*Decided February 2nd, 1912.*

Appeal from the Superior Court of Baltimore City (ELLIOTT, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE. BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*G. H. H. Emory* and *Joseph W. Cox* (with a brief by *John L. Cornell, Soper & Emory, Leckie, Cox & Kratz*), for the appellant.

*William C. Smith,* for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

At the trial of this case below upon the conclusion of the plaintiff's evidence the Court granted a prayer directing a verdict for the defendant, upon the ground that the plaintiff had not produced legally sufficient evidence to show negligence for which the defendant was responsible. In accordance with such direction the jury rendered its verdict in favor of the defendant, and the plaintiff appealed.

The suit was one to recover damages for personal injuries alleged to have been suffered by reason of the failure of a master to provide suitable implements or machinery, to enable the plaintiff, who was a structural ironworker, to properly perform him work, and in the condition in which the case comes here, the Court is bound to assume the truth of the plaintiff's evidence, which on most points is entirely uncontradicted.

There are two questions for this Court to pass upon, namely, whether or not there was such negligence as to entitle the plaintiff to recover, and, secondly, in the event of an affirmative reply to the first proposition, whether the negligence was that of the master, or for which he was legally liable, or whether it was the negligence of a co-employee for which there was no liability on the part of the master.

On the first proposition, to wit, negligence, there can be no question. The plaintiff was one of a force of men engaged in the erection of a building, in the City of Washington, and employed upon the iron or steel work of the building. On the day of the injury, a strut was being raised into position with a block and tackle which had been borrowed for that purpose, when the rope parted and the strut fell upon and injured the plaintiff. An examination of the rope

showed that it was weak and unsuitable for the purpose for which it was being used as the consequence of dry rot, and that defect in it could easily have been ascertained by proper examination or inspection of it, before its use began. The evidence also tends to show that there had been no inspection of the rope at all upon the part of the defendant contractor, or those representing him upon the job. This was such palpable negligence that a discussion of the evidence in detail upon this point would be superfluous.

The second question in the case is not as easily disposed of. The first point to be considered is, was or was not the risk one which was assumed by the employee as an incident to his employment? This must be answered in the negative, because the doctrine of the assumption of risk can never be invoked until after it is shown that the master has performed his full duty towards the servant, by supplying him a place reasonably safe in which to perform his work, or with tools and machinery proper and suitable in their character for the work to be performed, taking into consideration the work to be done. This is substantially the rule laid down in this State in such cases as *Eckhardt* v. *Lazaretto Co.,* 90 Md. 177; *Penna. Steel Co.* v. *Nace,* 113 Md. 460.

The question then arises whether the negligence in this case was the negligence of a fellow servant, for which the master is not responsible, or whether it was that of a vice-principal rendering the master liable. The difficulty in any given case is to draw the line at which the person whose negligence occasioned the injury ceases to be a co-employee and becomes a vice-principal. The trend of modern authorities is to make "the test of liability, not the safety of the place or appliance at the time of the injury, but the character of the duty the negligent performance of which caused the injury." *Sofield* v. *Guggenheimer Smelting Co.,* 64 N. J. L. 605. In *Ross* v. *Walker,* 139 Pa. 42, it is expressed as follows: "When it is sought to hold the master liable for the act or neglect of his foreman, the question to be

considered is whether the negligence complained of relates to anything which it was the duty of the principal to do." And in *So. Ind. Ry.* v. *Harrell,* 161 Ind. 689; 63 *L. R. A.* 460, it is said, "The controlling consideration in determining whether an employee is a vice-principal is not his comparative rank, or his authority to command nor to employ or discharge, but whether he is the representative of the master in respect to those duties which the master can not escape by a delegation of them." See also, *Durkin* v. *Kingston Coal Co.,* 171 Pa. 193; *Moore* v. *Wabash Co.,* 85 Mo. 596, and cases collected in *Note to Lafayette Bridge Co.* v. *Olsen,* 54 L. R. A. 33, and in 8 *Words and Phrases,* 7314; *Hamlin* v. *Malster,* 57 Md. 287, and in the case of *Slater* v. *Chapman,* 67 Mich. 523, where a workman engaged in the erection of a building was injured through the negligence of one having the full control of the erection and of the men, the master was held liable.

The individual whose negligent act was the occasion of the injury in this case was Sam Frizzell, the brother of the plaintiff. Sam Frizzell was the foreman in charge of the work for the defendant. The character of his duties are thus described by the plaintiff himself: "Mr. Sullivan give my brother, Sam Frizzell, the foreman, charge of that work, and he had full charge; if he didn't have materials to do the work, sufficient to do that work, he told him to go and borrow it, not only once, but several times to my knowledge, which he did borrow." Sam Frizzell also, according to the testimony of this witness, was given the authority to hire and discharge men. The plaintiff further testifies that in pursuance of the authority given by Mr. Sullivan, the foreman did on several occasions borrow appliances from Brady Brothers, boiler-makers, who were working nearby, and further that on the day in question the rope, the parting of which occasioned this accident was borrowed by Sam Frizzell. This evidence is confirmed by the testimony of the witness, Humphries, and it further appears from the evidence of this witness that the

defendant Sullivan did not give any orders directly to the men who were employed, but that in case he desired to have anything done, his directions were given to Sam Frizzell, the foreman. The cross-examination of the witnesses was intended to elicit the fact that the defendant had provided a derrick and a steel cable and a steam hoisting apparatus, and if this had been used the accident would not have occurred. It is not entirely clear from the evidence why on this particular occasion the machinery provided by the defendant was not used; whether it was, that to employ the defendant's machinery for raising the strut would have occupied more time and that the men were in haste to finish, or whether the machinery, even if it had been used, was not adequate. The preponderance of evidence is to the latter view, for the reason that it was testified, without contradiction, that upon the morning following the accident when the appliances of the defendant had been so shifted into position as to make them available for the raising of this strut, it was still necessary to resort to the use of a block and tackle which were borrowed. It is clear, however, from the testimony, such as has been referred to, that there was a large amount of discretion as to the use of appliances conferred by the defendant upon his foreman, Sam Frizzell; that it was left entirely to him to determine whether or not the appliances provided by the defendant for doing the work were adequate, and with authority to him to borrow additional appliances whenever in his judgment those of the defendant's providing were insufficient. This was clearly an attempt upon the part of Sullivan, the master, to delegate to his foreman, Sam Frizzell, the selection of proper and suitable machinery or appliances for doing the work in question, and the accident resulted from the negligence of Sam Frizzell in failing to properly inspect the appliances borrowed and used. It is firmly settled law everywhere that the duty of providing such suitable appliances and machinery for the performance of his work is an obligation which the master owes to the

servant, and it has been distinctly held in *Manuel* v. *Cumberland.* 111 Md. 196, and *Penna. Steel Co.* v. *Nace,* 113 Md. 460, that this duty is not a delegable one. It therefore follows that as between the parties to this suit, the foreman, Sam Frizzell, was in position of vice-principal, and, therefore for his negligent act the defendant Sullivan is liable. The action of the lower Court, therefore, in directing a verdict in favor of the defendant was error, and the judgment must be reversed and cause remanded for a new trial.

> *Judgment reversed, with costs to the appellant above and below.*