476 P.2d 267 (1970)
The AMERICAN NATIONAL BANK OF DENVER, a National Banking Association, Plaintiff in Error,
v.
Dorothy J. MAGOR, Administratrix of the Estate of R. F. Magor, III, Deceased, Defendant in Error.
No. 70-243. (Supreme Court No. 23441.)
Colorado Court of Appeals, Division II.
September 9, 1970.
*268 Dawson, Nagel, Sherman & Howard, John W. Low, David R. Johnson, Denver, for plaintiff in error.
Richard A. Zarlengo, Denver, for defendant in error.
Selected for Official Publication.
ENOCH, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
*269 This case involves the competing claims of two creditors, Dorothy J. Magor, Administratrix of the Estate of R. F. Magor, III (Estate), and The American National Bank of Denver (Bank), over two heavy road construction Euclid trucks. The action was originally brought by the Bank against Fincham Equipment Co., Inc. (Fincham), for possession of certain items of heavy construction equipment. After entry of judgment by default in favor of the Bank against Fincham, the Estate was permitted to intervene.
The Chattel Mortgage Act, C.R.S. 1963, Chapter 21 (effective prior to July 1, 1966) and the Uniform Commercial Code, C.R.S. 1963, Chapter 155, which came into effect on that date, must be considered in determining the rights of the parties in this case.
On June 28, 1966, the Estate entered into an agreement with Fincham for the sale of two trucks. The terms of the agreement were embodied in an instrument which reads as follows:
"Gentlemen:
"This is to confirm that you are purchasing from the Estate of Richard F. Magor, III, two (2) Euclids which are presently in your possession for the total sum of $14,000.00. You have paid the sum of $7,000.00 by your check of this date and you have executed a Promissory Note in the amount of $7,000.00 payable on or before July 28, 1966."
"When payment has been made in full as set forth above, the Estate of Richard F. Magor, III, subject to approval of the Probate Court of Arapahoe County Colorado will deliver to you its bill of sale, free and clear of all liens and encumbrances, for the above described equipment. In the event approval of this sale by the above named Court is not given, the said Estate will refund to Fincham Equipment Co., Inc. are payments made pursuant to this Agreement."
Fincham paid the Estate $7,000 in cash and gave a promissory note in the amount of $7,000, payable 30 days from date. Fincham was given possession of the trucks and continued to have possession until they were replevied by the Bank. The contract was never filed nor recorded in any public office pursuant to the provisions of the Colorado Chattel Mortgage Act, nor was any action taken to perfect a security interest under the Uniform Commercial Code after it became effective.
The Bank, which had been providing floor plan financing for Fincham for several years, filed a financing statement pursuant to Article 9 of the Uniform Commercial Code on July 1, 1966, covering equipment on Fincham's lot. On December 5, 1966, Fincham gave the Bank a security interest in the chattel items by executing and delivering to the Bank a security agreement covering inter alia the two trucks.
On November 23, 1966, the Estate brought suit against Fincham to recover on the promissory note dated June 28, 1966. The complaint in that action prayed specifically for judgment in the amount of the note with interest, and did not demand a return of the two trucks.
The present action was initiated by the Bank against Fincham on March 21, 1967, to recover the two trucks and other items of construction equipment which the Bank claimed as collateral for its loan to Fincham. On May 8, 1967, the Estate filed a motion to intervene. Judgment was entered for the Bank and against Fincham on May 29, 1967. The trial court granted the Estate's motion to intervene on June 22, 1967, over the objections of the Bank. The Estate demanded possession of the trucks and a declaration of superior title. Prior to trial and pursuant to agreement by the parties, the trucks were sold. The sale netted a total of $7,880.34. The trial court held that the interest of the Bank in the trucks was junior to that of the Estate. It entered judgment in favor of the Estate in the amount of $7,000, the amount unpaid on the Fincham note.
*270 The Bank claims that the trial court erred in holding that the instrument executed June 28, 1966, between Fincham and the Estate did not constitute a lien or security interest, i. e., a conditional sale contract, within the meaning of the Colorado Chattel Mortgage Act. We agree with this assignment of error and hold that all of the elements of a conditional sale were met by this transaction; i. e., there was a reservation of title by the vendor; an obligation on the part of the vendee to accept and pay for the property in accordance with the terms of the agreement; and title was to pass upon fulfillment of the conditions. Monitor Drill Co. v. Mercer, 8 Cir., 163 F. 943. A conditional sale may have more than one condition. This agreement was conditional upon Fincham making the agreed payments and the Estate obtaining the approval of the sale by the probate court.
The second condition (i. e., approval of the sale by the probate court) was an obligation of the Estate. No effort was made to obtain the approval of the probate court and consequently, the probate court neither affirmed nor disaffirmed this sale. On these facts, we find no authority or basis for the trial court's finding that the sale was void. The sale was still conditional upon the full payment by Fincham and upon the probate court's approval. The Estate sued Fincham on the promissory note without seeking the approval of the probate court. It would be manifestly unjust for the Estate to accept $7,000 cash under the sale agreement, later sue on the promissory note and now claim there was no sale because the sale had not been approved by the probate court.
Under C.R.S. 1963, 21-1-16, conditional sales contracts have been treated in the same manner as chattel mortgages for the purpose of determining the rights of the conditional vendors against third party creditors of the conditional vendees. The failure of the Estate to file the conditional sales contract under the Colorado Chattel Mortgage Act, C.R.S. 1963, 21-1-4, was fatal and gave the Bank priority because of the perfection of its security interest by filing a financing statement under the Uniform Commercial Code.
The Estate treated the agreement with Fincham as a conditional sale throughout the history of this transaction up until its intervention in this case. In addition to accepting the $7,000 in cash, and suing Fincham on the note, the Estate further represented to the Bankruptcy Court in its claim against Fincham that the trucks in question were sold under a conditional sale agreement. The trial court found not only that there was no conditional sale, but that there was no sale at all. This finding is not supported by the evidence and is not consistent with the judgment entered by the trial court. During the course of this action, the two trucks were sold for $7,880.34. The judgment for the Estate in the amount of $7,000 was for the unpaid note owed by Fincham to the Estate which could be justified only if there was a sale. If there were no sale at all, as the trial court found, then the equipment should have been returned to the Estate or in lieu thereof, the full sale price of the equipment, $7,880.34, should have been paid to it. The trial court correctly stated in part of its findings that if there were a conditional sale, then the Bank must prevail and if there were no conditional sale or no sale at all, then the Estate should prevail. The trial court then proceeded to deviate from this clear cut analysis and found no sale, but awarded a judgment predicated upon a sale.

II
The Bank also claims that the trial court erred in its determination that the priority of a security interest depends upon the extension of credit in reliance on ownership of a debtor. We hold that the trial court was in error. Reliance upon ownership of collateral by a debtor is not relevant to a determination of priority under the Uniform Commercial Code. There is no provision in the Code *271 for knowledge or reliance on ownership as a factor in determining the relative rights of secured creditors. The drafters of the Code, by their emphasis on procedural rigidity accorded paramount status to the secured creditor first to file. See 1 P. Coogan, W. Hogan & D. Vagts, Secured transactions under the Uniform Commercial Code, § 3.04(3) (c) (1969 ed.)

III
As a final assignment of error, the Bank claims that the trial court erred by permitting the intervention after judgment had been entered in the underlying replevin action and by permitting the intervenor's claim to be heard in Adams County rather than Denver County. The Bank claims that it had a right pursuant to 12 U.S.C. § 94 to have all actions against it held in the county in which it is located. We find no merit in either argument. The Estate filed its motion to intervene before judgment was entered. The fact that the default judgment on behalf of the Bank was entered against Fincham before the court's determination of the Estate's motion, did not cause the court to lose jurisdiction in the case. The trial court properly permitted the intervention by the Estate under R.C.P. Colo. 24.
We also do not agree with the assertion by the Bank that it had a right to have this action heard in Denver County. We find the authorities cited by the Bank distinguishable in that they all deal with situations in which a national banking institution had some action taken against it. In this case, the Bank was the moving party. The Bank chose the venue (i. e., the District Court of Adams County) and it cannot now complain about the determination of all issues properly before that court. See, Annot., 1 A.L.R.3d 904.
The judgment of the trial court is hereby reversed and the case is remanded to the trial court with directions to dismiss the complaint of the intervenor with prejudice.
COYTE and PIERCE, JJ., concur.