476 A.2d 710

**Nicholas ATHAS**

v.

**Robert Lee HILL et al.**

**No. 68, Sept. Term, 1983.**

Court of Appeals of Maryland.

June 22, 1984.

Larry J. Ritchie, Washington, D.C. (Peter G. Angelos, Baltimore, on the brief), for appellant.

Austin W. Brizendine, Jr., Towson (Moore, Carney, Ryan & Brizendine, Towson, on the brief), for appellees.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

SMITH, Judge.

In this case, we are faced with the question of whether Maryland Code (1957, 1979 Repl.Vol., 1983 Cum.Supp.) Article 101, § 58 authorizes an employee to sue a supervisory coemployee for negligently discharging the employer's duty to provide a safe place to work. We conclude that supervisory coemployees may be subject to liability only for negligently breaching a duty of care which they personally owe to the employee. Therefore, we shall affirm the judgment of the Court of Special Appeals in *Athas v. Hill,* 54 Md.App. 293, 458 A.2d 859 (1983).

Robert Lee Hill was employed as a chef at the Summit Country Club in Baltimore County. Appellant, Nicholas Athas, was employed as a bus boy. On October 13, 1974, Hill attacked Athas with a butcher knife. As a result, Athas suffered permanent disability and facial disfigure-

ment. Athas filed for and was awarded compensation from Summit under the Workmen's Compensation Act. He also proceeded against Hill in the Circuit Court for Baltimore County for assault. Athas obtained a judgment against Hill in the amount of $73,000 for compensatory damages and $5,000 for punitive damages.

In the same action at law, Athas alleged that Jack Pollack,[1] Summit's president and managing agent; Jerome Hurwitz, Summit's vice president; and Mitchell Rosenfeld, Summit's house chairman, were negligent in that each failed to exercise due care in providing Athas with a safe place to work. Athas claimed in his declaration that Summit had delegated to Pollack, as president and managing agent, the supervisory and immediate duties of personnel management and direction. Pollack was responsible for hiring, discharging, and disciplining employees. Further, Athas alleged that Pollack performed the following duties which Summit owed its employees: providing employees with a reasonably safe place to work; warning and instructing employees concerning the dangers of the work place about which Summit knew or should have known and which the employees could not reasonably have discovered; and exercising reasonable care and caution in the selection and employment of competent, nonviolent employees. Both Hurwitz and Rosenfeld either shared or, alternatively, possessed the same duties and knowledge as Pollack.

Athas alleged that Pollack, Hurwitz, and Rosenfeld (the officers or supervisory coemployees) had notice of Hill's violent disposition by virtue of both his record prior to employment with Summit and his involvement in various altercations on the club's premises since employment. Athas claimed that he could not have known or had reason to know of Hill's character; that Summit's officers failed to warn Athas of Hill's character; and that the officers failed to insure Athas' safety by continuing to employ Hill. For

---

1. Pollack died during the course of litigation. The personal representative of his estate was substituted for him as a party.

purposes of the appeal, the officers have conceded that an employer owes a duty to his employees to exercise reasonable care in hiring and retaining competent, nonviolent employees. Further, they concede that Summit delegated the duty to them and that they affirmatively, albeit negligently, undertook to discharge this duty. However, they allege that they are not subject to personal liability for this breach of the employer's duty.

On May 20, 1982, the Circuit Court for Baltimore County sustained the demurrer of Pollack, Hurwitz, and Rosenfeld without leave to amend.[2] Athas appealed the decision to the Court of Special Appeals, which affirmed the judgment of the circuit court and held that Athas could not maintain a cause of action against the officers of the club. We granted a writ of certiorari in order that we might address the important public issue here presented.

In attempting to impose liability on Summit's officers for their breach of the duty to provide a safe place to work, Athas relies on Art. 101, § 58. It states in pertinent part:

"Where injury or death for which compensation is payable under this article was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee ... may proceed either by law against that other

2. This case, in the words of Judge Orth for the Court of Special Appeals, "has been meandering through the trial and appellate courts of this State for almost a decade." *Athas v. Hill,* 54 Md.App. 293, 295 n. 3, 458 A.2d 859, 860–61 n. 3 (1983). Athas filed an action at law in August 1975. The officers filed a motion raising preliminary objection in October of that year. The Circuit Court for Baltimore County granted this motion and entered judgment in favor of the officers in February 1976. Athas then filed an appeal to the Court of Special Appeals. In December 1976, it dismissed the appeal pending resolution of the case against Hill. Judgment absolute against Hill was entered in September 1979. Athas filed an appeal with respect to the officers and in June 1980, the Court of Special Appeals reversed the judgment in their favor. The officers then filed a demurrer in September 1980 which was sustained with leave to amend. Athas filed an amended declaration to which the officers again demurred. The demurrer was then sustained without leave to amend.

person to recover damages or against the employer for compensation under this article, or in case of joint tort-feasors against both...."

This Court has determined that § 58 authorizes an employee to bring a cause of action for damages against a coemployee whose negligence caused plaintiff's injury. In *Hutzell v. Boyer,* 252 Md. 227, 249 A.2d 449 (1969), the Court stated that the Maryland workmen's compensation law "excludes an action in tort by an employee against his employer, but does not exclude tort actions between co-employees." 252 Md. at 232, 249 A.2d at 452. Judge Finan reasoned for the Court: "Although there are no decisions in this Court involving a tort action by an employee against a co-employee, we note the fact that for over 50 years the Workmen's Compensation Law of this State has contained no express prohibition against such a suit." 252 Md. at 233, 249 A.2d at 452. The Court held that because the principle of *lex loci delicti* applied, the plaintiff, an employee of a Virginia corporation and resident of Maryland who was injured in an accident arising out of the negligence of a coemployee in Maryland, could maintain a cause of action against that coemployee. 252 Md. at 233, 249 A.2d at 452–53.

Since the decision in *Hutzell,* this Court has recognized in two cases that negligent coemployees are subject to actions at law for damages. In *Leonard v. Sav-A-Stop Services,* 289 Md. 204, 424 A.2d 336 (1981), we stated, "The Maryland Workmen's Compensation Act does not give immunity to a worker against claims for damages based on injury or death tortiously caused to a co-worker in the course of their employment." 289 Md. at 206, 424 A.2d at 337. Similarly, in *Hauch v. Connor,* 295 Md. 120, 453 A.2d 1207 (1983), we noted that the rationale for precluding tort suits between employers and employees was not applicable to suits between coemployees. 295 Md. at 128, 453 A.2d at 1211–12. In *Hauch* we held that Maryland residents, who were injured in an automobile accident in Delaware while furthering the employer's business (Maryland was the regular

place of employment), could maintain a cause of action in Maryland against the negligent coemployee even though they had previously received benefits under the Maryland workmen's compensation law. 295 Md. at 133–34, 453 A.2d at 1214.

This Court's construction of § 58 in connection with the facts of this case must be viewed in light of both the common law and the Maryland workmen's compensation law. Prior to the enactment of workmen's compensation legislation, the liability of an employer for injuries sustained by an employee in the course of his employment was limited. The limitations on the employer's liability stemmed primarily from what Dean Prosser called the "unholy trinity" of common law defenses: contributory negligence, assumption of risk, and the fellow servant rule. *See* W. Prosser, *Law of Torts* § 80, at 526–27 (4th ed. 1971). Courts in Maryland recognized these defenses. *See, e.g., Norfolk & West. R.R. v. Hoover,* 79 Md. 253, 261–62, 29 A. 994, 995 (1894) (for employee to succeed in bringing cause of action alleging negligence of fellow servant, he must establish not only causation between fellow servant's negligence and his injuries but also master's negligence in the selection of the fellow servant in the first instance); *State ex rel. Hamelin v. Malster,* 57 Md. 287, 306 (1881) (when employee accepted employment, it was presumed he understood the risks and perils incumbent in a particular job; one such risk was the negligence of his fellow servants).

To hold the fellow servant liable for negligence at common law, the injured employee was required to establish that the fellow servant occupied the role of a vice principal. Generally, an employer was held liable for the negligence of an employee only if the employee exercised responsibility, control, direction, and authority with respect to the work place. In other words, the employer was liable if the discharge of the employer's nondelegable duty was entrusted to the judgment and discretion of the negligent employee. *See, e.g., Chesapeake Stevedoring Co. v. Hufnagel,* 120 Md. 53, 61–62, 87 A. 4, 7 (1913); *Frizzell v. Sullivan,*

117 Md. 388, 390–91, 83 A. 651, 652–53 (1912); *Hoover,* 79 Md. at 266–67, 29 A. at 997; *Malster,* 57 Md. at 307–08. Among the nondelegable duties which the employer owed his employees was the duty to provide a safe place to work, see *Sullivan,* 117 Md. at 390, 83 A. at 652; *Pennsylvania Steel Co. v. Nace,* 113 Md. 460, 483, 77 A. 1121, 1131–32 (1910); and the duty to select and retain competent employees, see *Hufnagel,* 120 Md. at 60, 87 A. at 6; *Hoover,* 79 Md. at 262, 29 A. at 995; *Malster,* 57 Md. at 306.

The Maryland workmen's compensation statute was enacted in 1914. This Court has held consistently that the Act provides the employee or his dependents with an exclusive right for recovery as against the employer. *See, e.g., Hauch,* 295 Md. at 127, 453 A.2d at 1211; *Wood v. Aetna Cas. & Sur. Co.,* 260 Md. 651, 660–61, 273 A.2d 125, 131 (1971); *American Rad. Corp. v. Mark Co.,* 230 Md. 584, 590, 187 A.2d 864, 867 (1963); *Barrett v. Indemnity Ins. Co.,* 152 Md. 253, 259, 136 A. 542, 544 (1927); *Hagerstown v. Schreiner,* 135 Md. 650, 653, 109 A. 464, 465 (1920). "There is no doubt that the Workmen's Compensation Act substituted for the common law liability of an employer for negligence, subject to the corresponding common law defenses, an absolute, but limited, liability regardless of fault, and made that liability exclusive, in the case of a conforming employer." *Baltimore Transit Co. v. State,* 183 Md. 674, 677, 39 A.2d 858, 859 (1944). *Accord Cox v. Sandler's, Inc.,* 209 Md. 193, 198–99, 120 A.2d 674, 677 (1956).

Notwithstanding the substitution of limited strict liability for tort liability with regard to conforming employers, we have continued to recognize that, at least in cases not covered by the workmen's compensation statute, an employer owes his employees a common law duty to provide a safe place to work. *See, e.g., Leonard,* 289 Md. at 218–19, 424 A.2d at 343; *Harrison v. Harrison,* 264 Md. 184; 188, 285 A.2d 590, 592 (1972); *Bauman v. Woodfield,* 244 Md. 207, 216, 223 A.2d 364, 368 (1966); *McVey v. Gerrald,* 172 Md.

595, 599, 192 A. 789, 790–91 (1937).[3]  Moreover, the General Assembly has codified the employer's duty to provide employees with a safe place to work in Code (1957, 1979 Repl.Vol.) Art. 89, § 32(a): "Each employer shall ... furnish to each of his employees employment and a place of employment which are safe and healthful as well as free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees ...."

No Maryland case has confronted the issue raised in this case: whether supervisory employees or corporate officers may be held liable for negligently performing a duty which the employer owes to his employee where the employer conforms to the Workmen's Compensation Act.

It is stated in 2A A. Larson, *The Law of Workmen's Compensation* § 72.11, at 14–54 to 14–55 & n. 131 (1983), that as of 1983, only eleven states, including Maryland, extended immunity from liability for negligence to the employer alone and thus permitted suit against coemployees. It is interesting to note that, as Larson puts it, "A strong tide toward coemployee immunity has been running. As recently as 1974, a majority of states permitted suits against coemployees." *Id.* at 14–55 n. 13.1.[4]  Several of the courts which have determined that coemployees are subject to tort liability have extended this rationale to corporate officers and supervisory employees.  Larson states that,

---

**3.** The above cited cases, which recognized the employer's affirmative duty to provide a safe place to work, were without the applicability of the workmen's compensation scheme.  For example, the Court in *Leonard* confronted the issue of whether an employer, who furnished a vehicle to one worker for use with a coworker in the course of employment, had a duty to inform the employee that the employer's insurance did not cover any accident resulting in injury or death to a coemployee.  289 Md. 204, 424 A.2d 336.  In *Harrison,* 264 Md. 184, 285 A.2d 590, *Bauman,* 244 Md. 207, 223 A.2d 364, and *McVey,* 172 Md. 595, 192 A. 789, the master-servant relationship involved was not covered by the workmen's compensation legislation.

**4.** Larson notes that twelve additional states have retained coemployee liability for intentional torts, but not for negligence. 2A A. Larson, *The Law of Workmen's Compensation* § 72.11, at 14–55 to 14–59 (1983).

"The clearest case for such liability is that in which the corporate officer is acting in his capacity as an employee—even a managerial employee—and in which the conduct involved is merely the kind of negligence or other misconduct that would normally make any coemployee liable." *Id.* § 72.13, at 14–64 (footnote omitted). Other cases turn on "the extent to which the defendant is in effect the alter ego of the corporation, or is at least acting as an agent or representative of the corporation, or being charged with violation of duties that are not his personal duties, but the nondelegable duties of the corporation." *Id.* at 14–65. Further, Larson notes that, "Suit is also barred if the duty allegedly violated was a nondelegable duty of the corporation, such as the duty to provide a safe place to work—as distinguished from the duty of care owed by one employee to another." *Id.* at 14–65 to 14–69 (citations omitted).

Courts in several states have held that coemployees are immune from suit because the workmen's compensation statute provides the injured worker with his exclusive remedy. These courts, relying on either express statutory language or judicial interpretation, have based their determination on the fact that, given the statutory trade-off provided in the workmen's compensation scheme (whereby the employee gives up his right to sue the employer in tort and the employer waives his common law defenses), the third party provision in the applicable workmen's compensation act encompasses only those who are outsiders to the employment relationship. *See, e.g., Beyers v. Roll,* 476 P.2d 271, 272 (Colo.App.1970) (not selected for official publication) (statutory language "pursue his remedy against another not in the same employ" expressly limits an injured employee's recovery to compensation under the Act where defendant is a coemployee); *Mier v. Staley,* 28 Ill.App.3d 373, 379, 329 N.E.2d 1 (1975) (statute grants immunity from common law tort actions to corporate officers); *Witherspoon v. Salm,* 251 Ind. 575, 579, 243 N.E.2d 876 (1969) (defendant, who was president, director, officer, and manager of employer-corporation, does not come within third party provi-

sion and thus is immune); *Miller v. Scott,* 339 S.W.2d 941, 944 (Ky.1960) (term "some other person" in third party provision "refers to a third person having no connection with the general work being performed and whose act of negligence was wholly disconnected with that work."); *Brown v. Estess,* 374 So.2d 241, 242–43 (Miss.1979) (corporate officer immune from common law action given purpose of workmen's compensation act to make compensation employee's exclusive remedy where injury sustained during the course of his employment); *McCluskey v. Thompson,* 363 So.2d 256, 261 (Miss.1978) (statute includes bar to negligence cause of action by injured employee against coemployee); *Madison v. Pierce,* 156 Mont. 209, 215, 478 P.2d 860 (1970) (to allow employee to bring cause of action for negligence against coemployee in addition to receiving compensation award would defeat the purpose of workmen's compensation statute); *Warner v. Leder,* 234 N.C. 727, 732, 69 S.E.2d 6 (1952) (employee's acceptance of benefits under Workmen's Compensation Act forecloses his right to maintain common law tort action against not only the employer, but also those conducting the employer's business). In addition to these judicial decisions, the majority of states have enacted legislation which expressly grants coemployees and officers immunity if the employee and the employer are covered by the workmen's compensation law. *See* Larson § 72.21, at 14–73 & n. 23.

Some state courts have held that their third party provisions, which are analogous to Maryland's § 58, do not bar suit by the injured employee against his coemployees for negligence. These courts generally have interpreted the phrase "some person other than the employer" literally. Therefore, because a coemployee cannot be an employer, he is subject to liability. *See, e.g., Tully v. Estate of Gardner,* 196 Kan. 137, 139, 409 P.2d 782 (1966) (superseded by statutory amendment); *Rehn v. Bingaman,* 151 Neb. 196, 202, 36 N.W.2d 856, *appeal dismissed,* 338 U.S. 806, 70 S.Ct. 79, 94 L.Ed. 488 (1949); *Gee v. Horvath,* 169 Ohio St. 14, 16–17, 157 N.E.2d 354 (1959) (superseded by statutory

amendment); *Colarusso v. Mills*, 99 R.I. 409, 418, 208 A.2d 381, 386 (1965).

Before a statutory amendment in 1974 precluded an employee from bringing a negligence action against a coemployee for injury sustained in the course of employment, the courts of Georgia had held that coemployees could be subject to common law liability if they were not acting as the alter ego of the corporation. In other words, "where it is conclusively shown that an executive of a corporation acts in his representative capacity as the alter ego of the corporation an employee injured in the course of his employment may not recover workmen's compensation benefits and then sue the executive of the corporation in tort...." *Chambers v. Gibson*, 145 Ga.App. 27, 28, 243 S.E.2d 309 (1978). Liability would attach only in cases where "there was active, direct, individual action by the employer's officer specifically directed toward the employee." *Cunningham v. Heard*, 134 Ga.App. 276, 277, 214 S.E.2d 190 (1975). Under the statute as amended, the Georgia Court of Appeals has held that a defendant, who was the landlord as well as the president, director, and shareholder of the employer, was not subject to tort liability because any negligence he might have committed was done in his capacity as the alter ego of the corporation. Thus, he could not be considered a third party tortfeasor under the Georgia act. *Vaughn v. Jernigan*, 144 Ga.App. 745, 746, 242 S.E.2d 482 (1978).

Several out-of-state courts have adopted what the Court of Special Appeals termed the "Wisconsin approach." A significant number of these decisions, including those of the Supreme Court of Wisconsin, have been superseded by legislative amendments to the workmen's compensation statutes. Nevertheless, the reasoning of these courts is instructive. Under the Wisconsin approach, a corporate officer or supervisory coemployee is subject to liability for negligence if he breaches a duty of care which he personally owed to the plaintiff. The negligence must have been directed toward the particular plaintiff and the tortious act

must have been outside the scope of the employer's responsibility. The coemployee is not liable merely for breaching a duty that the employer owed the injured employee.

As the Supreme Court of Wisconsin stated, "Liability of a corporate officer in a third-party action must derive from acts done by such officer in the capacity of a coemployee, and may not be predicated upon acts done by such officer in his capacity as corporate officer." *Kruse v. Schieve*, 61 Wis.2d 421, 426, 213 N.W.2d 64 (1973) (*Kruse I*). The rationale of this view "is that worker's compensation is the exclusive remedy against an employer, and if there is a failure of an officer or employee to perform a duty owed to the employer, the employee's recourse is solely against the employer. When an officer or supervisor fails to perform the employer's duty, the failure is that of the employer, not the officer or supervisor." *Laffin v. Chemical Supply Co.*, 77 Wis.2d 353, 358, 253 N.W.2d 51 (1977) (footnote omitted). *Accord Crawford v. Dickman*, 72 Wis.2d 151, 152–53, 240 N.W.2d 165 (1976). The court in *Laffin* further stated:

> "The duty of the officer to supervise an employee is the duty owed to the employer, not to a fellow employee. This duty is exercised in the normal course of the officer or supervisor's activities. It is when the officer or supervisor doffs the cap of officer or supervisor and dons the cap of a coemployee that he may be personally liable for injuries caused. If the officer or supervisor is to be personally liable it is because of some affirmative act of the officer or supervisor which increased the risk of injury to the employee. If a corporate officer or supervisor engages in this affirmative act, he owes the involved employee a duty to exercise ordinary care under the circumstances. This duty is over and beyond the duty of proper supervision owed to the employer. It is the duty one employee owes another. The purpose of allowing third party actions in addition to worker's compensation was to retain 'the traditional fault concept of placing responsibility for damages sustained upon the culpable party.' If an officer or supervisor breaches a personal

duty, it does not offend the policy of the Worker's Compensation Act to permit recovery from the officer or supervisor." 77 Wis.2d at 359 (footnotes omitted).

*Accord Kranig v. Richer,* 98 Wis.2d 438, 442, 297 N.W.2d 26 (1980); *Lupovici v. Hunzinger Constr. Co.,* 79 Wis.2d 491, 498, 255 N.W.2d 590 (1977); *Kruse v. Schieve,* 72 Wis.2d 126, 128, 240 N.W.2d 159 (1976) (*Kruse II*); *Garchek v. Norton Co.,* 67 Wis.2d 125, 128–29, 226 N.W.2d 432 (1975); *Ortman v. Jensen & Johnson, Inc.,* 66 Wis.2d 508, 514, 225 N.W.2d 635 (1975).

In order for an injured employee to succeed in his cause of action against the corporate officer or supervisory coemployee, he had to allege that the coemployee "increases the risk of injury to the employee, that is he breaches his duty of exercising ordinary care in respect to the injured party." *Lupovici,* 79 Wis.2d at 495, 255 N.W.2d 590. *Accord Crawford,* 72 Wis.2d at 153, 240 N.W.2d 165. Therefore, the coemployee was not liable for breaching: the nondelegable duty of the employer to furnish a safe place of employment, see, e.g., *Crawford,* 72 Wis.2d at 154, 240 N.W.2d 165; *Garchek,* 67 Wis.2d at 129, 226 N.W.2d 432; *Ortman,* 66 Wis.2d at 514–15, 225 N.W.2d 635; *Kruse I,* 61 Wis.2d at 427–28, 213 N.W.2d 64; the employer's duty to furnish proper tools or machinery, see *Kranig,* 98 Wis.2d at 442, 297 N.W.2d 26; or the employer's nondelegable duty to control his employees, see *Crawford,* 72 Wis.2d at 154, 240 N.W.2d 165.

*Kruse I,* 61 Wis.2d 421, 213 N.W.2d 64, is instructive:
"The duty of proper supervision is a duty owed by a corporate officer or supervisory employee to the employer, not to a fellow employee. Under what circumstances can a duty be owed to a fellow employee additional to and different from the duty of proper supervision that is owed to the employer by a corporate officer or supervisory employee? Clearly something extra is needed over and beyond the duty owed the employer. In *Hoeverman* [*v. Feldman,* 220 Wis. 557, 265 N.W. 580 (1936) ], that added element was provided by the company president directing

a particular employee to operate a particular machine in a
particular manner. In *Wasley* [*v. Kosmatka*, 50 Wis.2d
738, 184 N.W.2d 821 (1971)], that additional factor was
provided by the corporate officer actually driving the
truck which caused the fatal injury. In both cases we
deal not with any general duty or responsibility owed the
employer but an affirmative act which increased the risk
of injury. In both cases the officer's or supervisory
employee's affirmative act of negligence went beyond the
scope of the duty of the employer, which is nondelegable,
to 'provide his employees with a safe place to work, *i.e.*,
safe conditions.' If the corporate officer, in *Hoeverman*,
had not personally directed the particular operation to be
done in a particular manner, there would have been no
basis for holding that he had become a coemployee and
owed a common-law duty to a fellow employee under the
circumstances. If the corporate officer, in *Wasley*, had
not driven the truck that caused the injury, there would
have been in that case no factual basis for finding him to
have the status and duty of a fellow employee. If the
company president and supervisory employee, in *Pitrow-
ski* [*v. Taylor*, 55 Wis.2d 615, 201 N.W.2d 52 (1972)], had
not been directly engaged in the truck loading that
caused the injury, we see in that record no basis for
holding either to have been coemployees with a common-
law duty owed to the worker injured." 61 Wis.2d at
428–29, 213 N.W.2d 64.

Courts in other jurisdictions have adopted reasoning simi-
lar to that of the Wisconsin Supreme Court. For example,
in *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973) (super-
seded by statutory amendment), the Louisiana Supreme
Court delineated various principles for determining when an
officer, agent, or employee should be held individually liable
to the injured plaintiff. The rules are as follows:

"1. The principal or employer owes a duty of care to
the third person (which in this sense includes a co-employ-
ee), breach of which has caused the damage for which
recovery is sought.

"2.  This duty is delegated by the principal or employer to the defendant.

"3.  The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault.  The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

"4.  With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment.  He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages.  If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm."  283 So.2d at 721 (footnote omitted).

A number of states have adopted reasoning similar to that of the Wisconsin and Louisiana courts with respect to supervisory coemployee liability for failure to provide a safe place to work. *See, e.g., Wilkins v. West Point-Pepperell, Inc.*, 397 So.2d 115, 118–19 (Ala.1981); *Neal v. Oliver*, 246 Ark. 377, 388–89, 438 S.W.2d 313 (1969); *Zurich Ins. Co. v. Scofi*, 366 So.2d 1193, 1194 (Fla.Dist.Ct.App.) (superseded by statutory amendment), *cert. denied*, 378 So.2d 348 (Fla. 1979); *West v. Jessop*, 339 So.2d 1136, 1137 (Fla.Dist.Ct. App.1976) (superseded by statutory amendment); *Kerrigan*

*v. Errett,* 256 N.W.2d 394, 396–97 (Iowa 1977) (superseded by statutory amendment); *Dawley v. Thisius,* 304 Minn. 453, 456, 231 N.W.2d 555 (1975); *State ex rel. Badami v. Gaertner,* 630 S.W.2d 175, 180–81 (Mo.App.1982) (en banc); *Stevens v. Lewis,* 118 N.H. 367, 369–70, 387 A.2d 637 (1978) (superseded by statutory amendment); *Vittum v. New Hampshire Ins. Co.,* 117 N.H. 1, 5, 369 A.2d 184 (1977) (superseded by statutory amendment); *Blumhardt v. Hartung,* 283 N.W.2d 229, 231–32 (S.D.1979); *Wilson v. Hasvold,* 86 S.D. 286, 292–93, 194 N.W.2d 251 (1972); *Steele v. Eaton,* 130 Vt. 1, 4, 285 A.2d 749 (1971).

Our review of the cases establishes that, although reasons have differed, the majority rule is against recovery in cases such as that at bar. We find the "Wisconsin" reasoning persuasive and thus base our decision on such an interpretation as well as the logic of Maryland law.

We conclude that the supervisory coemployees in this case are not amenable to Athas' suit in tort even though the law of this State does permit one employee to sue a fellow employee for negligence. This principle derives from judicial construction of § 58 and relies on the fact that the General Assembly has failed to immunize coemployees from suit during the seventy years that the workmen's compensation statute has been in force. Logically, the term "coemployees" includes supervisors and corporate officers as well as fellow employees with similar rank.

█ Nevertheless, the duties to provide a safe place to work and to retain competent, nonviolent employees have always rested on the employer. Nothing in Maryland statutory law indicates a change from this principle; indeed, Art. 89, § 32 reaffirms its validity. Under Maryland law the employer owes his employees a nondelegable duty to provide a safe place to work and, thus, the employer cannot escape liability for breach of this duty. Therefore, a supervisory coemployee who performs the nondelegable duty of the employer does not thereby assume a personal duty toward his fellow employees. The decisions in *Jarka Co. v.*

*Gancl,* 149 Md. 425, 131 A. 754 (1926), and *Wood v. Abell,* 268 Md. 214, 300 A.2d 665 (1973), established that at common law the ultimate responsibility of performing nondelegable duties remains with the employer notwithstanding the fact that an employee has been charged with carrying them out. Thus, under the workmen's compensation scheme as well as under the common law, the supervisory employee should not be held liable for breaching a duty such as providing a safe place to work. On the other hand, if a supervisory employee commits an affirmative, direct act of negligence toward an employee, and therefore negligently breaches a personal duty of care which is reasonably owed by him to the fellow employee, then he would not be immunized from liability. In that circumstance, he would be a third party within the meaning of § 58.

In this case, Pollack, Hurwitz, and Rosenfeld were supervisory coemployees as well as corporate officers. As such, they were responsible for discharging Summit's duty to provide Athas with a safe place to work and to retain only competent, nonviolent employees. In undertaking such managerial and personnel functions, the officers assumed an obligation to the employer only. Corporations perform their acts only through agents. The acts of the corporate officers and agents here cannot be separated from that of the corporation. As previously stated, these supervisory employees cannot be held liable for negligently performing the employer's nondelegable duties.

■ Moreover, the defendants did not commit any affirmative, direct act of negligence toward Athas. This Court held in *Evans v. Morsell,* 284 Md. 160, 395 A.2d 480 (1978), that a person who hires employees to deal with the public is required to make reasonable inquiries or have an otherwise sufficient basis for reliance on the employee's capability. Beyond this obligation, there is no need to inquire about a criminal record. 284 Md. at 166–67, 395 A.2d at 484. In this case, Hill was not hired to deal with the public. Assuming a similar rationale applies, however, it is apparent

that Summit's officers did not breach a duty of care personally owed to Athas in hiring Hill. They had no reason to know of, and were not required to inquire into, Hill's prior criminal record. Further, if indeed the officers knew of Hill's involvement in altercations while employed at the club and did nothing about this behavior, then they merely breached the duty of providing a safe place to work which Summit owed to Athas. Therefore, for the reasons stated in this opinion, we affirm the judgment of the Court of Special Appeals.

Our opinion today is limited to cases arising under similar facts and circumstances.

JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.