UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ANA LUISA OROPEZA DE TOSCANO,
Individually and as mother and next
friend of Gerardo Alonso Toscano
and Jesus Javier Toscano, minors;
ELEAZAR ESTABAN TOSCANO; MARIA
TERESA MACIAS DE TOSCANO,
         *Plaintiffs-Appellants,*

                v.

BRIAN STERNER,
         *Defendant-Appellee.*

No. 03-1557

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, Senior District Judge.
(CA-02-2898-MJG)

Argued: October 31, 2003

Decided: March 11, 2004

Before LUTTIG and SHEDD, Circuit Judges, and
James H. MICHAEL, Jr., Senior District Judge of the
United States District Court for the
Western District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Gerald Ira Holtz, LAW OFFICES OF GERALD I.
HOLTZ, L.L.C., Rockville, Maryland, for Appellants. Robert L.

Hebb, SEMMES, BOWEN & SEMMES, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The Toscano family brought this diversity action against Brian Sterner, alleging that Sterner's negligence resulted in the worksite-related death of Javier Toscano. The district court determined that Sterner is entitled to immunity under Maryland workers' compensation law and granted summary judgment in his favor. For the reasons set forth below, we affirm.

I.

Toscano was employed by T&W Concrete Company ("T&W") to lay concrete floor at a construction site in Baltimore County, Maryland. T&W was a subcontractor to Sody Concrete Company ("Sody"), which was itself a subcontractor to F.M. Harvey Construction Company ("F.M. Harvey"), the principal contractor at the site. While Toscano was spreading a concrete floor, a cinder block wall collapsed and crushed him to death. The accident occurred shortly after Sterner, an employee of F.M. Harvey and the superintendent at the job site, swung several of the wall's safety braces out of the way to facilitate the pouring of the concrete floor. Sterner also left the unsecured braces hanging from the wall, and the excess weight of the braces may have contributed to the instability of the wall.

The Toscano family subsequently brought this wrongful death action against Sterner. The district court granted Sterner's motion for summary judgment, determining that Sterner is entitled to the same

immunity available to his employer, F.M. Harvey, under Maryland law. This appeal followed.

II.

We review the grant of summary judgment *de novo*. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). We review the evidence in the light most favorable to the non-moving party. *Id.* at 255.

Under Maryland law, an injured employee's exclusive method of recovery against an employer is by way of workers' compensation. Md. Code Ann., Lab. & Empl. § 9-509 (1999); *Hastings v. Mechalske*, 650 A.2d 274, 278 (Md. 1994). The employer, therefore, is immune from tort liability in actions brought by injured employees or their personal representatives or dependents. A principal contractor that is not the direct employer of an injured worker is considered the "statutory employer" and is thus immune from tort liability if (1) the principal contractor undertakes to perform any work that is part of the business, occupation, or trade of the principal contractor; (2) the principal contractor contracts with a subcontractor for the execution by or under the subcontractor of all or part of the work undertaken by the principal contractor; and (3) the injured worker is employed in the execution of that work. Md. Code Ann., Lab. & Empl. § 9-508.

The Toscano family does not seek to hold F.M. Harvey liable for the death of Toscano; rather, they seek to hold Sterner personally liable. In response, Sterner asserts that F.M. Harvey is immune from liability as the statutory employer, and that he, as a supervisory employee of F.M. Harvey, may avail himself of the same immunity. The district court found, and the Toscano family does not dispute, that F.M. Harvey is a statutory employer. Our inquiry, therefore, focuses on whether Sterner is entitled to the same immunity that is available to F.M. Harvey.

Under Maryland law, an action may be maintained against a "person other than the employer" who is liable for a worker's injury or

death. Md. Code Ann., Lab. & Empl. § 9-901. A "person other than the employer" includes a supervisory coemployee who breaches a duty of care that the supervisor *personally* owes to the injured employee. *Athas v. Hill*, 476 A.2d 710, 718 (Md. 1984). The supervisory coemployee is not subject to liability, however, if at the time of the accident, the supervisor is (1) performing a nondelegable duty of the employer and (2) acting within the scope of his or her employment. *Hastings v. Mechalske*, 650 A.2d 274, 280 (Md. 1994).

Under the first prong of the *Hastings* test outlined above, we look to the nature of the duty that Sterner allegedly breached. Sterner argues that his actions were performed in furtherance of the employer's duty to provide a safe workplace. Because it is well established under Maryland law that the duty to provide a safe workplace is a nondelegable duty of the employer, *see Hastings*, 650 A.2d at 282, Sterner asserts that he is entitled to immunity. The Toscano family, on the other hand, argues that Sterner violated a duty that he personally owed Toscano. They characterize Sterner's action in moving the braces as unrelated to safety, but performed for the sole purpose of pouring the concrete floor.

Our consideration of this question is guided by the analysis employed by the court in *Hastings*. There, the foreman at a construction site instructed a temporary laborer to use a backhoe, even though the laborer had little experience operating backhoes of that particular type. In the course of operating the backhoe, the laborer ran into scaffolding on which the plaintiff was working. The plaintiff fell to the ground and sustained injuries. The plaintiff subsequently brought suit against several parties, including the foreman. In addressing whether the foreman was engaged in a nondelegable duty of the employer at the time of the accident, the court noted that the foreman was responsible for ensuring that workers had the ability to perform their tasks in a competent and safe manner. These responsibilities, according to the court, were performed by the foreman "in furtherance of his employer's responsibility to provide a safe workplace for its employees." *Id.* at 282. Because the duty to provide a safe workplace is a nondelegable duty of the employer, the court determined that the foreman's assignment of the backhoe to the temporary laborer was an act undertaken "in fulfillment of a nondelegable duty the employer owed its employees." *Id.*

We conclude, based upon the reasoning in *Hastings*, that at the time of Toscano's death, Sterner was engaged in the nondelegable duty of the employer to provide a safe workplace. As the site supervisor, Sterner was responsible for worksite safety. While he may have moved the safety braces for the express purpose of pouring concrete, Sterner's action clearly implicated the overarching duty that F.M. Harvey owes its employees to provide a safe work environment. As supervisor, Sterner's decisions regarding the movement of support braces simply cannot be divorced from the employer's nondelegable duty to provide a safe workplace to its employees. Sterner's action, therefore, was taken "in fulfillment" of a nondelegable duty of the employer. *See Hastings*, 650 A.2d at 282.

As to the second prong of the *Hastings* test, it is clear that Sterner acted in the scope of his employment. As site supervisor, he was responsible for securing the safety of the wall. In moving the safety braces, Sterner performed a supervisory task well within the course of his duties.

## III.

Because Sterner was engaged in the nondelegable duty of the employer to provide a safe workplace and was acting within the scope of his employment, he is entitled to the immunity available to F.M. Harvey. The district court therefore properly granted summary judgment in Sterner's favor. Accordingly, we affirm the judgment of the district court.

*AFFIRMED*